442 So.2d 1157 (1983)
CHEVRON U.S.A., INC.
v.
Lorraine LORIO, et al.
No. 82 CA 1068.
Court of Appeal of Louisiana, First Circuit.
October 31, 1983.
Rehearing Denied November 22, 1983.
*1158 Arthur D. Mouton, Law Office of Wm. H. Mouton, Lafayette, and W. Richard House, Jr., Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for plaintiff-appellant.
Thomas H. Benton, Benton, Benton & Benton, and Timothy W. Hardy, Counsel for Secretary of Dept. of Natural Resources, Office of the Atty. Gen., Baton Rouge, for defendants-appellees.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This is a concursus proceeding filed by Chevron U.S.A., Inc. (Chevron) against Miss Lorraine Lorio, et al. (the Lorios) and the State of Louisiana (the State).
Chevron contracted oil leases with the Lorios and the State on the same tract of land for different royalty interests. The lease contracted with the Lorios called for a one-eighth royalty interest while the lease contracted with the State provided for a one-sixth royalty interest.
After production resulted, Chevron invoked a concursus proceeding, deposited the royalties accruing from the affected tract into the registry of the court, and sought a determination of the rights of the Lorios and the State to those royalties. When Chevron invoked the concursus proceeding, it deposited funds based upon the one-sixth royalty, with the prayer that if the Lorios' claim was upheld, Chevron would be refunded the difference between the one-sixth royalty deposited and the one-eighth royalty provided in the Lorio lease.
While the concursus proceeding was pending, the Lorios and the State entered into a compromise agreement dividing the royalties deposited by Chevron. The compromise divided the entire amount deposited into the registry of the court, even though Chevron would be entitled to a refund should the Lorios prevail.
The Lorios and the State moved for summary judgment alleging that, based upon the compromise, all genuine issues of material fact in dispute had been resolved. Chevron opposed the motion contending that it had reserved its right to a refund of the difference between one-sixth and one-eighth royalties in the event the Lorios prevailed and that the deposit of the funds into the registry of the court did not constitute an admission that the full sum deposited was due.
The trial court granted the motion for summary judgment. After determining that the impleaded defendants were free to compromise their claims to the deposited funds, the trial court reasoned that no issues remained unresolved because both impleaded parties, who have claims to the deposited funds, entered into a compromise agreement. We disagree.
LSA-C.C.P. art. 4652 provides that:
"Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.
No claimant may be impleaded in a concursus proceeding whose claim has been prosecuted to judgment. No person claiming damages for wrongful death or for physical injuries may be *1159 impleaded in a concursus proceeding, except by a casualty insurer which admits liability for the full amount of the insurance coverage, and has deposited this sum into the registry of the court." (Emphasis added)
In the case sub judice, Chevron impleaded the Lorios and the State into a concursus proceeding. While Chevron acknowledges that it owes to one of the impleaded claimants under its lease obligation, Chevron denies liability to both claimants. In invoking the concursus, Chevron reserved its right to a refund from the funds deposited, in the event the Lorios, who only had a one-eighth royalty interest, were determined to be entitled to the mineral rights rather than the State, who had a one-sixth interest. In its petition, Chevron alleged that:

"9.
The funds deposited in the Registry of the Court reflecting production from both of the said units are based on the greater royalty. Chevron U.S.A. Inc. hereby reserves the right to be refunded the difference between the amount deposited and the amount due the Lorio Group, if their claim should be upheld."
Clearly, under LSA-C.C.P. art. 4652, Chevron was entitled to invoke a concursus and to deny liability to one of the claimants.
We find it unnecessary to consider the enforceability of the compromise because the compromise does not resolve all issues of fact and law that exist. Although the compromise partially resolves the conflicting claims between the State and the Lorios, the issue of Chevron's denial of liability to one or the other of the parties impleaded remains unresolved.[1] The determination or resolution of the issue of liability is critical to Chevron in view of the difference in its royalty obligations.
Summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Because all issues of material fact have not been resolved, summary judgment was improper.
Therefore, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this ruling.
REVERSED AND REMANDED.
NOTES
[1] In the compromise which constitutes the basis of the summary judgment sought by the Lorios and the State the question of ownership of the fee and/or the mineral interest, as the case may be, is specifically left open for resolution in the future. The compromise contains the following paragraph:

"The execution of this compromise with reference to participation in royalty production is not intended and shall not be construed as recognition of ownership, boundary or limits of any land or water bottom tract covered by the leases and by this compromise in the area of `conflict,' and shall not serve as a basis of estoppel, or res judicata, or prevent either of the undersigned parties from establishing ownership, boundaries, or limits of any such tract, after which time but not retroactively to the division of interests in accordance with the ownership as so established."
Clearly this language leaves open the question of ownership and other matters which are subsequently to be resolved.