GAUDIN, Judge.
The primary issue in this somewhat complex litigation is the possible negligence of Bernard J. Bailey, who was driving his pickup truck within the speed limit on a clearly favored roadway when confronted by another pickup truck that ran through a stop sign and was suddenly in his path. The vehicles collided.
Mr. Bailey had been proceeding on U.S. Highway 90 while the other pickup, driven by John Wisotzkey, was on Louisiana Highway 443. The accident occurred just before dawn in an area of patchy fog.
The trial judge determined that Mr. Bailey was negligent in driving too fast under existing weather conditions and that his negligence was a proximate cause of the collision. This finding, however, was not supported by the evidence and we reverse it.
There are secondary issues, dealing with awards of workmen’s compensation, and we affirm these awards.
THE ACCIDENT
At approximately 6:25 a.m. on February 6, 1980, Mr. Bailey was driving his 1979 Ford pickup in a westerly direction on U.S. 90 with Gary Wyman as a passenger.
Meanwhile, a 1975 Dodge pickup operated by Mr. Wisotzkey was on La. 433 and heading east toward the U.S. 90-La. 433 intersection. The intersection is Y-shaped, with La. 433 angling into U.S. 90 as shown here:
[[Image here]]
[[Image here]]
Mr. Wisotzkey was a dispatcher employed by Gulf Coast Contracting Services, Inc. His passengers were fellow Gulf Coast employees Curtis Ingersoll and Carl owned by Gulf Coast. Mr. Ingersoll was in the rear seat, while Mr. Swift was in the front next to Mr. Wisotzkey.
*273 When Mr. Wisotzkey reached U.S. 90, he ignored the stop sign. Mr. Ingersoll testified that he “... told him to slow down, he was going too fast for that kind of conditions ...” Mr. Wisotzkey, however, said, “I’m going to run it,” meaning that he was going to drive past the stop sign. Mr. Wisotzkey finally applied his brakes when he drove onto U.S. 90 and came face-to-face with Mr. Bailey’s truck.
Mr. Bailey said that he was driving at 50 miles per hour, five miles per hour under the speed limit, with his headlights and internal defroster on. He estimated that he was 60 feet from the point of impact when he first noticed Mr. Wisotzkey’s pickup, and that one and a half seconds passed between the time he first noticed the other truck and the moment of impact.
He first turned to his right, ⅛. Bailey stated, then veered left when he realized Mr. Wisotzkey’s vehicle was in the westbound lane and coming directly at him.
Mr. Wisotzkey’s pickup, once it entered U.S. 90, was never in the eastbound lane. It stayed in the westbound lane (Mr. Bailey’s proper lane) until the trucksj hit.
THE TRIAL
Three lawsuits were filed and 'were consolidated for trial. Mr. Swift’s injuries resulted in his death shortly after the accident, and a tort suit was filed by ¡his widow and children and by Mr. Ingersoll, who sustained serious personal injuries. Named defendants were Mr. Wisotzkey, Mr. Bailey, Continental Insurance Company (insurer of Mr. Wisotzkey’s pickup) and State Farm Mutual Automobile Insurance Company (insurer of Mr. Bailey’s pickup).
Also filed were suits by Mr. Ingersoll and by Mr. Swift’s widow and children seeking workmen’s compensation benefits from Gulf Coast and its compensation insurer, Travelers Insurance Company.
Following a two-day trial, the district judge, finding Mr. Bailey negligent, rendered judgment, making these awards:
(1)To Mr. Ingersoll, the sum of $275,-000.00 against Mr. Bailey, State Farm and Continental, with State Farm’s liability limited to $20,000.00;
(2) To Sandra Swift Robinson, Mr. Swift’s widow, the sum of $176,000.00 against the same defendants listed in (1) above, with State Farm’s liability limited to $13,858.27;
(3) To Mr. Swift’s minor children, through their tutor, the sum of $78,000.00, against the same defendants listed in (1), above, the amount to be equally divided among the three children, with State Farm’s liability limited to $6,141.73;
(4) To Travelers, the sum of $21,208.09, against Mr. Bailey and State Farm;
(5) To Travelers, the sum of $18,026.18, against Mr. Bailey and State Farm;
(6) To the Swift children, $49.00 per week from February 6, 1980 until each child reaches the age of 18 or, if enrolled as a full time student, until that child reaches the age of 23, against Travelers, subject to a credit of $2,288.00 previously paid; and
(7) To Mr. Ingersoll, $144.00 per week from February 6, 1980, and continuing into the future, until it is shown that Mr. Inger-soll is no longer totally and permanently disabled, against Gulf Coast and Travelers, subject to a credit of $9,380.00 previously paid.
The judgment also (a) dismissed the demands of Mr. Swift’s widow against Gulf Coast and Travelers, (b) set the fees of the expert witnesses and (c) ordered Gulf Coast, Travelers, State Farm and Continental to pay court costs.
In his “Reasons for Judgment,” the trial judge noted that because Mr. Wisotzkey, Mr. Ingersoll and Mr. Swift were in the course of their employment, Mr. Ingersoll and Mr. Swift were limited to workmen’s compensation benefits as far as Mr. Wi-sotzkey and Gulf Coast were concerned. In tort, they had to proceed only against Mr. Bailey and his insurer.
The “Reasons” also stated:
“Mr. Ingersoll testified that the accident occurred in the pre-dawn hour in a heavy fog, which statement was supported by *274 the testimony of State Trooper Nobles
Based on this and other testimony, the trial judge found “... that Bernard Bailey was traveling at an excessive rate of speed under the existing weather conditions, and thus is guilty of negligence in regard to this accident.”
THE APPEALS
Appeals were lodged by Mr. Bailey, Continental and by Gulf Coast-Travelers.
Mr. Bailey contends that he was not negligent and that the trial judge “... misinterpreted and placed unreasonable reliance ...” on the testimony of the state trooper and Olin Dart, an expert called by plaintiffs.
Continental’s contentions:
(1) The trial court erred in finding Bernard Bailey guilty of negligence which was a proximate cause of the accident;
(2) The trial court erred in finding that the uninsured motorist provisions of the policy issued by Continental provided coverage for the damages sustained by these plaintiffs; L
(3) The trial court’s award to Sandra Swift Robinson, widow of decedent Carl Swift, was excessive;
(4) The trial court’s awards to the minor children of decedent Carl Swift are excessive;
(5) The damages awarded by the trial court to Curtis Ingersoll are excessive; and
(6) The trial court erred in awarding interest from date of judicial demand on that portion of the judgment which it decreed was covered by the uninsured motorist provisions of the policy issued by Continental Insurance Company to Gulf Coast Contracting Services, Inc.
Subsequent to the oral arguments in this case, a joint motion was filed by Mr. Swift’s widow and children, Mr. Ingersoll and Continental, stating that they have “... completely settled and compromised their disputes ...” and that Continental’s suspensive appeal should be dismissed with prejudice. We will not, therefore, consider the merits of this appeal.
The appeal by Gulf Coast and Travelers specifies four errors:
(1) The trial court erred in finding that the minor children of Carl W. Swift were partially dependent on him at the time of his death;
(2) The trial court erred in finding that each child was entitled to the minimum weekly compensation benefits of $49.00 per week.
(3) The trial court erred in not awarding full recovery to Travelers and Gulf Coast for monies paid to and on behalf of Carl W. Swift’s widow and minor children; and
(4) The trial court erred in not awarding Travelers and Gulf Coast full credit towards future weekly compensation benefits against the award rendered on behalf of Carl B. Swift as tutor of the minor Swift children.
MR. BAILEY’S NEGLIGENCE
Mr. Bailey testified that there was “some haze” as he approached the La. 433 intersection, but that “... from a mile away I could see the outline of the bridge fine and the lights on the bridge.”
Glen Nobles, a Louisiana state trooper, arrived at the accident scene at approximately 6:40 a.m., or about 15 minutes after the collision. He said:
“I did not cite Mr. Bailey for driving too fast for conditions; he was not the major cause of the accident.”
Trooper Nobles drove to the intersection on La. 433, and he observed that the fog was “solid” on that roadway but only “patchy” on U.S. 90.
Mr. Ingersoll testified that from the back seat of Mr. Wisotzkey’s pickup he could see the lights of Mr. Bailey’s truck when the vehicles were 100 yards apart.
Considering the testimony of Mr. Bailey, Trooper Nobles and especially Mr. Inger-soll, we cannot find that “a heavy fog” shrouded the U.S. 90-La. 433 intersection at the time of the accident and that, at 50 *275 miles per hour, or even 55 miles per hour, Mr. Bailey’s speed was excessive.
Mr. Bailey was faced with a sudden and unexpected emergency, and even Mr. Dart, petitioners’ expert in accident reconstruction, acknowledged the swiftness of events just before the collision and his best estimate of time available to Mr. Bailey was three seconds, half of which would be reaction time.
Perhaps Mr. Bailey could have turned either to his right or left and avoided the onrushing pickup (although it is not reasonable to so conclude), but a motorist who finds himself in a position of imminent peril without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may have been a better way, unless, of course, the emergency is brought on by his own negligence. See Hickman v. Southern Pacific Transport Company, 262 So.2d 385 (La.1972) and numerous other cases with similar holdings.
The record does not indicate that Mr. Bailey’s alleged excessive speed contributed to this accident or that he in any way caused the emergency situation. Thus, we find the instant facts and circumstances different from those in Fabio v. New Orleans Public Service, 429 So.2d 875 (La.App. 4th Cir.1983), an opinion relied on by appellees.
This accident was caused solely by Mr. Wisotzkey’s negligence in recklessly driving past the stop sign and onto U.S. 90 with Mr. Bailey’s vehicle in very close proximity, and the awards based on Mr. Bailey’s negligence must be voided and set aside.
COMPENSATION AWARDS
Gulf Coast and Travelers’ major contention is that the testimony and evidence failed to show that Mr. Swift’s minor children were partially dependent on him.
Mr. Swift’s former wife, Shirley Leish-man, and the three children live in Philadelphia, Pennsylvania, the Swifts having been divorced in October of 1976. Shirley remarried in April, 1978.
Shirley said that her ex-husband "... sent money when he could; he sent them things on their birthdays and Christmas ...” She further stated that Mr. Swift’s support money varied, but that he paid “... between 75 and 100 (dollars) a month
Mr. Smith’s father, who resides in West Virginia, confirmed the fact that sporadic support payments were sent to Shirley and the children.
As the record contains this testimony, we cannot say that the trial judge was manifestly erroneous in finding the three Swift children partially dependent on their now deceased father and in requiring Travelers to pay the minimum benefit, $49.00 per week.
DECREE
For these reasons,
IT IS ORDERED:
(1) That there be judgment in favor of Bernard J. Bailey and State Farm Mutual Automobile Insurance Company and against Curtis Ingersoll, Sandra Swift Robinson, Carl B. Swift, as tutor for the minor children, Diana, Kathleen and Kevin Swift, and Travelers Insurance Company, dismissing all claims based on the tortious negligence of Mr. Bailey;
(2) That the workmen’s compensation awards to the Swift children are affirmed, as specified in the appealed-from judgment; and
(3) That the costs of this appeal are to be borne by Mr. Ingersoll, the Swift children, Travelers Insurance Company and Gulf Coast Contracting Services, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.