502 So.2d 301 (1987)
Mary HAMMER, Individually, and Eston and Mary Hammer on Behalf of their Minor Child, Anatole Timothy Hammer, Plaintiffs-Appellees,
v.
The CITY OF LAFAYETTE, Defendant-Third Party Defendant-Appellant.
No. 86-194.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Voorhies and Labbe, Amos H. Davis and Thomas R. Hightower, Lafayette, for defendant-third party defendant-appellant.
Domengeaux & Wright, Thomas R. Duplantier and Bob F. Wright, and David Kaufman, Hank Sheldon Hannah, Kenneth Dejean of Fruge and Dejean, Lafayette, for plaintiffs-appellees.
Before DOUCET, LABORDE and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the trial court was correct in granting a summary judgment based on the non-liability of a third party defendant in an automobile accident for failure of the third party defendant to use a seat belt or child restraint system to restrain her five year old child in her automobile involved in the accident.
Mary Hammer, individually, and Mary and Eston Hammer (hereinafter plaintiffs) on behalf of their minor child, Anatole Timothy Hammer (hereinafter the minor child), sued the City of Lafayette, Louisiana (hereinafter City) for damages allegedly sustained by Mary Hammer and Anatole Timothy Hammer when a Lafayette City Police Department officer, responding to an emergency call in a city police car, disregarded a stop light and caused a near collision with *302 plaintiff's car at an intersection. In response to plaintiffs' suit, the City filed a third party demand against Mary and Eston Hammer and their automobile liability insurer, State Farm Mutual Automobile Insurance Company (hereinafter collectively referred to as third party defendants), alleging various claims of negligence and strict liability, including a claim that the third party defendants were at fault because Mary Hammer failed to use a seat belt to restrain the minor child in her automobile. Plaintiffs settled their claim against the City with the City reserving its rights against third party defendants under its third party demand. The case was subsequently fixed for trial against third party defendants with the only issue to be presented to the jury being that part of the third party demand of the City alleging the negligence of the driver-third party defendant, Mary Hammer, in failing to restrain the minor child in a seat belt or belt restraint system. On the day of the scheduled trial third party defendant's motion for summary judgment to dismiss the City's third party claim was heard and granted. Defendant-third party plaintiff, City of Lafayette, now appeals from the summary judgment granted by the trial court dismissing its claim against third party defendants. We affirm.

FACTS
On July 8, 1983 Mary Hammer was proceeding on Jefferson Street in downtown Lafayette, Louisiana in her 1977 Thunderbird automobile with her five year old adopted son, Anatole Timothy Hammer, as a passenger in the front seat. As she neared the intersection of Jefferson and Chestnut Streets, Officer Austin Banks (hereinafter Officer Banks) of the Lafayette City Police Department was proceeding on Chestnut Street in a police patrol car while responding to an emergency call. As Officer Banks proceeded down Chestnut Street he entered the intersection of Chestnut and Jefferson with the light against him at about the same time that Mary Hammer was approaching the intersection, with the traffic light in her favor. Mary Hammer testified at deposition that she did not see the police car until it was "direct in front of me" and that she "slammed the brakes" to avoid hitting the police car and that she narrowly avoided a collision. Mary Hammer also testified that the police car did not have either emergency lights or sirens operating, that she saw her son hit the dashboard of her automobile, and that she was also injured in the accident.
Mary Hammer, individually, and Mary and Eston Hammer, on behalf of their minor son, Anatole Timothy Hammer, filed suit on March 28, 1984 against the City of Lafayette for damages sustained by Mary Hammer and the minor child as a result of the accident. The City of Lafayette answered, denying liability, and later filed a third party demand against Mary Hammer and Eston Hammer and their general liability insurer, State Farm Mutual Automobile Insurance Company, for alleged liability under theories of negligence and strict liability. One of the claims of negligence in the third party demand was the alleged negligence of Mary Hammer in failing to restrain the minor child by use of a seat belt or a child seat restraint system in her automobile.
Prior to the scheduled date of trial the primary demands of the plaintiffs, Mary and Eston Hammer, individually, and on behalf of the minor child, were settled, against the City with the City of Lafayette reserving its rights to pursue its third party demand against the third party defendants. At a pre-trial conference the scope of the dispute was further narrowed when all parties agreed that the only issue which would be presented to the jury at trial of the third party demand was the negligence of Mary Hammer in failing to use a seat belt or seat restraint system to restrain the minor child in her automobile.
On the day prior to the scheduled trial on this matter, third party defendants moved for summary judgment, the basis of which was that the City of Lafayette was not, as a matter of law, entitled to indemnity or contribution from third party defendants *303 for damages sustained by the minor child as a result of the failure of Mary Hammer to use a seat belt or child seat restraining device to restrain the five year old minor child in her automobile. After a hearing on the motion, summary judgment was granted in favor of third party defendants dismissing the third party demand of the City of Lafayette, and a judgment was signed on March 19, 1986 reflecting the action of the trial court. From this judgment the City of Lafayette now appeals.

SCOPE OF APPEAL
Third party plaintiff, the City of Lafayette, appeals from the action of the trial court in granting summary judgment and raises as issues:
(1) Whether or not Mary Hammer's alleged negligence, and strict liability was a cause in fact of the injuries sustained by the minor child;
(2) Whether or not Mary Hammer owed a duty to the minor child to guard against the risk presented by sudden application of brakes while operating a motor vehicle;
(3) Assuming a duty was owed, whether or not the risks encountered and the harm sustained on the day of the accident was foreseeable;
(4) Whether or not Mary Hammer breached any duty owed to the minor child; and
(5) Whether or not the trial court erred in granting third party defendants' summary judgment.
However, the summary judgment from which the City appeals only dealt with the issue of the negligence of Mary Hammer in not restraining the minor child in her automobile. The scope of this appeal is therefore limited to examination of the correctness of the action of the trial court in granting summary judgment on the issue of the liability of Mary Hammer for her failure to restrain the minor child in her automobile. Rule 1-3, Uniform Rules-Courts of Appeal.

MARY HAMMER'S NEGLIGENCE
In order for the City to recover from third party defendants, any negligence on the part of Mary Hammer in failing to restrain her five year old child must have been a cause in fact of the accident. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Quinn v. State, Through Dept. of Highways, 464 So.2d 357 (La.App. 3 Cir.1985), writs den., 467 So.2d 1134, 1136 (La.1985). If the accident would have occurred irrespective of a claimant's negligence, then it was not a cause in fact of the injury. Swift v. Continental Ins. Co., 453 So.2d 271 (La.App. 5 Cir.1984), writ den., 456 So.2d 1391 (La.1984); Sons v. Commercial Union Assur. Companies, 433 So.2d 842, 845 (La.App. 3 Cir.1983).
The accident in this case, though not resulting in an actual two car collision, was an accident which arose out of an emergency situation wherein one of the automobile drivers, headed on an apparent collision course, was forced to take immediate evasive action to avoid a collision. The City, admitting liability, acknowledged its negligence in causing the accident. This emergency situation was created due to the negligence of Officer Banks, as admitted by the City. Although Mary Hammer might have been negligent per se in not restraining the minor child, her negligence did not cause or contribute to the emergency situation. The injuries suffered by Mary Hammer and the minor child were the effect of the accident, not the cause of it. Similar cases have held that failure of a passenger to wear a seat belt is not a cause in fact of an accident. Fontenot v. Fidelity and Casualty Co. of New York, 217 So.2d 702 (La.App. 3 Cir.1969); Lawrence v. Weschester Fire Insurance Company, 213 So.2d 784 (La.App. 2 Cir.1968), writ den., 252 La. 969, 215 So.2d 131 (1968); Myles v. Lee, 209 So.2d 533 (La.App. 2 Cir.1968). The City attempts to distinguish these cases by claiming that this case deals with indemnification or contribution sought for damages to a claimant as a result of the negligence of a third party, whereas the cited cases only dealt with the contributory *304 negligence of a claimant as a bar to the claimant's recovery. Even though this is correct, we find no reason to apply the rationale of the cited cases any differently and we conclude that the act or omission of Mary Hammer in not restraining her minor child was not a cause, in fact or in law, of the accident.
Even supposing that the act or omission of Mary Hammer in not restraining her minor child was a cause in fact of the accident, prior jurisprudence has failed to recognize any failure to fasten seat belts as giving rise to legal negligence. It has been recognized that failure to fasten safety belts does not constitute contributory negligence. See, Benson v. Seagraves, 445 So.2d 187 (La.App. 3 Cir.1984), writ den., 447 So.2d 1071 (La.1984); Williams v. Harvey, 328 So.2d 901 (La.App. 4 Cir.1976); Fontenot v. Fidelity and Guaranty Co. of New York, supra; Lawrence v. Weschester Fire Insurance Company, supra; Myles v. Lee, supra. It has also been held that a rear seat automobile passenger owed no duty to other passengers to fasten his seat belt. See Williams v. Chrysler Motor Company, 271 So.2d 551 (La.App. 1 Cir. 1972).
The City cites Brady on behalf of Brady v. Rivella Rev., Inc., 424 So.2d 1104 (La. App. 1 Cir.1982) for the proposition that a parent has a duty to take reasonable steps to provide for the safety of and to protect his or her minor child. Brady dealt with a three year old child falling through a second floor window opening which was only inches off the floor. The child's mother was denied recovery, the trial court finding that the mother "was aware of the dangerous condition of the window but chose to ignore it." The City of Lafayette contends that a parent's duty to take steps to reasonably protect his or her child encompasses the duty to restrain the child in a seat restraining device in an automobile, that Mary Hammer breached this duty owed to the minor child, and that the minor child's injuries resulted from her breach of this duty.
At the time of the accident on July 8, 1983, there were no Louisiana statutes in effect requiring mandatory use of seat belts. Although our legislature has since passed LSA-R.S. 32:295, requiring a child passenger restraint system for children under the age of five years, and LSA-R.S. 32:295.1 requiring mandatory wearing of seat belts, these statutes need not be examined to determine Mary Hammer's duty toward the minor child. We do note, however, that even under the new laws the maximum civil liability that may be imposed on a claimant for failure to wear a seat belt is two (2%) percent. LSA-R.S. 32:295.1 E(4).
We find that Mary Hammer's duty to take reasonable steps to protect the minor child did not encompass the duty to restrain that minor child with a seat belt device. Unlike the accident in Brady, supra, the near collision on July 8, 1983 was not reasonably foreseeable by Mary Hammer, whereas it was reasonably foreseeable that by Officer Banks' running the red light at the corner of Jefferson and Chestnut Streets in Lafayette, Louisiana he would likely encounter vehicles in whose favor the light was displayed. We therefore conclude that Mary Hammer was not legally at fault either as a cause of the accident or for the injuries sustained by the minor child.

THIRD PARTY DEFENDANT'S ENTITLEMENT TO SUMMARY JUDGMENT
Appellant, the City of Lafayette, contends the summary judgment in favor of third party defendants was an improper device for disposition of Mary Hammer's liability, since the issue of Mary Hammer's liability is res nova.
A summary judgment should only be granted where there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chevron U.S.A., Inc. v. Lorio, 442 So.2d 1157 (La.App. 1 Cir.1983), writ den., 444 So.2d 1244 (La.1984). There was no dispute of fact as to how the accident *305 occurred and that the minor child was not wearing a seat belt device when the accident occurred. The issues for summary judgment were whether Mary Hammer was a cause in fact of the accident and whether she breached a legal duty in failing to restrain the minor child with a seat belt device in her automobile. Where no factual dispute exists and no credibility determinations are required, questions of existence and violation of a duty are legal questions within the province of the trial judge. Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162, 1166 (La.App. 3 Cir.1983), writ den., 437 So.2d 1149 (La. 1983), appeal after remand, 465 So.2d 178 (La.App. 3 Cir.1985). Finding that Mary Hammer was not legally at fault in the accident or legally responsible for the injuries sustained by the minor child and finding that the damage sustained was as a result of the sole negligence of the City, we hold that the summary judgment dismissing the City's third party claim against third party defendants was proper.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against the defendant-third party plaintiff-appellant.
AFFIRMED.