532 So.2d 948 (1988)
Tamara BOUBEL, Individually and in her Capacity as Managing Conservator of the Children, Christopher Shawn Benjamin and Gregory Kent Benjamin
v.
Joseph A. GILARDI, the Around the Corner Lounge, State of Louisiana, Department of Transportation, Parish of Jefferson and the City of Kenner.
No. 88-CA-222.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
*949 Paul V. Cassisa, Jr., Bernard, Cassisa, Saporito & Elliott, Metairie, for defendants/appellees.
Robert J. Fineran, Mandeville, for plaintiff/appellant.
Before KLIEBERT, WICKER, and GOTHARD, JJ.
WICKER, Judge.
Tamara Boubel appeals the dismissal of her wrongful death claims against General Motors Corporation. We reverse and remand.
Boubel's daughter, Dorothy Benjamin, was driving her 1985 Camaro while drunk. She collided violently with another car, driven by Joseph Gilardi, which resulted in her car's flipping over and landing upside down in a drainage canal. Although she was wearing her seat belt, the impact of the accident allegedly caused the driver's seat to break or bend backwards, loosening the seat belt. The swift current of the canal, due to heavy rainfall, swept Benjamin out of the seat in spite of the seat belt and out of the car itself. Her body was ultimately found wedged between the windshield and the sprung hood, and the autopsy determined that she died of drowning and not from the collision itself.[1]
Boubel initially sued the other driver, the cocktail lounge where her daughter had been drinking the night of the accident, the State Department of Transportation, Jefferson Parish, and the City of Kenner. She amended her petition to join General Motors Corporation, the manufacturer of the Camaro. Her theory of recovery against GMC was that the driver's seat and/or the seat belt were defective in that they allowed Benjamin to be washed out of the automobile, making it impossible for rescuers to find her and resulting in her death by drowning.
GMC filed an exception of vagueness, resulting in Boubel's amending her supplemental petition. GMC also moved to strike a claim in Boubel's petition which asked for damages for loss of love and affection of her daughter. This motion was granted, since only Benjamin's surviving children were entitled to wrongful death damages under La.C.C. art. 2315.2. Finally, GMC filed an exception of no cause of action on the grounds that (1) Boubel had not alleged any defect in the car which was a cause of the accident; and (2) the car was not in normal use at the time of the accident. The trial judge granted a judgment dismissing GMC from the suit. No other parties but GMC and Boubel are involved in this appeal.
The trial judge listed his reasons:
a. The defects which plaintiffs allege are the effect of the accident, not the cause of the accident. Therefore, General Motors cannot be held liable for the injuries complained of. Hammer v. City of Lafayette, 502 So.2d 301, 303-04 (La. App. 3rd Cir.1987).
b. The allegations of plaintiffs' petition, including the allegations that she was operating an automobile under the influence of alcohol and the allegations that the alleged defect did not manifest itself *950 until after the collision at issue, reveal that the product at issue was not in "normal use." See Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (1971). This Court finds that the operation of an automobile under the influence of alcohol is not a foreseeable use or foreseeable misuse of the product. In fact, L.S.A.-R.S. 14:98 prohibits any person from operating a motor vehicle under the influence of alcohol. Further, the collision which plaintiffs describe in their petition is not a foreseeable use or foreseeable misuse of an automobile.
c. No Louisiana State Court has ever expanded the definition of products liability to include those cases in which a plaintiff alleges only an "enhancement" of injuries in an automobile collision which the manufacturer is not alleged to have caused. Since General Motors Corporation is not alleged to be a cause in fact of the subject accident, they cannot be held liable to the plaintiffs. See Hammer v. City of Lafayette, supra.

The issue is whether or not Boubel has stated a cause of action for recovery for Benjamin's death. We find that she has.
Boubel made these allegations in her amended petition:
After Dorothy Benjamin was struck on Williams Boulevard, the seat in her Chevrolet in which she was sitting, failed. The load of her weight and the impact was taken by the latch of the seat which collapsed, bent the seat back and allowed her to be washed out of the car and trapped between the windshield and the hood.
After the car went into the drainage canal it appeared from the facts collected at the site and in the car, that the seatbelt also gave way further allowing her space to be washed out of the automobile. Had she been in the seat of the car after going into the water, she could have been saved by the firemen, policemen, etc. who were on the scene and immediately dived for her. The diver could not find her in the car and in fact, she was not found until sometime much later when the car was raised. She had been trapped between the windshield and the hood, after being washed out of the car.
Therefore, the proximate cause of Mrs. Benjamin's drowning was the failure of the seat and the seatbelt which was caused by the negligent and faulty design of General Motors Corporation, defendant herein. Had the seatbelt and the seat been designed to sustain the impact it involved, she would not have been washed from the car and probably have been saved from drowning.
No evidence can be introduced on the issue of whether or not a petition states a cause of action. La.C.Civ.P. art. 931. The exception must be tried solely on the face of the petition and well-pleaded facts in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); Bank of St. Charles v. Eris, 477 So.2d 847 (La.App. 5th Cir.1985).
The trial judge erred in focusing his attention on whether the automobile was in normal use, whether the automobile was the cause of Benjamin's death, whether drunken driving was a foreseeable use of the automobile, and whether the automobile caused an enhancement of Benjamin's injuries. The proper focus for these questions is the safety device, the combination of seat belt and seat, since this is what has been alleged by Boubel to be defective and causative of the damages. While Benjamin's drinking may have been a cause-in-fact of the initial collision with Gilardi's vehicle, a contention not yet proven, there is no allegation that her drinking caused the alleged failure of her seat belt and/or seat.
Furthermore, to use Benjamin's drinking as a reason to defeat any possibility of recovery against GMC is to apply the legislatively overruled, and jurisprudentially questioned, principle of contributory negligence. The Supreme Court, in Bell v. Jet Wheel Blast, Div. of Ervin Ind., 462 So.2d 166, 171 (La.1985), held:
Using the same approach [Restatement Second of the Law of Torts Section 402A] to formulate rules for defenses to *951 strict products liability, we conclude that the defense of contributory negligence as a complete bar to recovery should be rejected entirely, and that comparative fault may be applied in certain categories of cases to reduce the plaintiff's recovery.
This case also set out the burden of proof for a plaintiff in a products liability case.
Under the terms of this strict products liability theory, in order to recover from a manufacturer or supplier the plaintiff must prove (1) that the injury or damage resulted from the condition of the product; (2) that the condition made the product unreasonably dangerous to normal use; and (3) that the condition existed at the time the product left the control of the manufacturer or supplier.
At p. 168. Accord: Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La. 1986). It is not necessary that a plaintiff prove him or herself to be completely free from fault. "... [A] plaintiff's negligence will not reduce the amount of recovery unless it was a cause-in-fact of the accident." Sons v. Commercial Union Assur. Companies, 433 So.2d 842, 845 (La.App. 3rd Cir.1983). Similarly, Benjamin's drinking should not defeat her recovery unless it is shown to be a cause of the seat belt failure. "If the accident would have occurred irrespective of a claimant's negligence, then it was not a cause in fact of the injury." Hammer v. City of Lafayette, supra at p. 303. We also note that the Supreme Court, in Bell v. Jet Wheel Blast, Div. of Ervin Ind., supra at p. 172, approved a New Jersey case which noted, "The asserted negligence of plaintiff ... was the very eventuality the safety devices were designed to guard against", citing Bexiga v. Havir Manufacturing Corp., 60 N.J. 402, 290 A.2d 281 (1972).
The obvious purpose of a seat belt is not to guard against the initial accident but to guard against the second collisionbeing thrown out of the car or smashing against the windshield. An automobile accident, whatever its cause, is the use and purpose for which the safety device was designed and installed. People who are never involved in accidents or sudden emergencies never need their seat belts. Violent automobile accidents, such as that alleged by Boubel, are a "normal" and foreseeable use of seat belts. "`Normal use' of a product encompasses all reasonably foreseeable uses and misuses of the product." Bloxom v. Bloxom, 512 So.2d 839, 841 (La.1987).
We suggest the following analogy. A construction worker is on scaffolding which breaks; but the safety belt, rather than preventing the worker's fall, also breaks. The worker is injured or killed. We believe that a cause of action against the manufacturer for the breaking of the belt is clearly warranted, even though the defective safety belt did not cause the scaffolding to fall. Under the trial judge's reasoning, however, recovery against the safety belt manufacturer would be foreclosed because the failure of the safety belt was the effect and not the cause of the scaffold's fall. The only significant difference between this hypothetical scenario and the facts in the case before us is that Benjamin may have been at fault in causing the original collision. This difference, while it may operate to reduce recovery if proven, should not act as a total bar to recovery.
The Supreme Court case of Weber v. Charity Hosp. of Louisiana, 475 So.2d 1047 (La.1985) is instructive. The plaintiff was a child who had been injured in an automobile accident. During her treatment, contaminated blood was administered which resulted in her contracting hepatitis. The Supreme Court held the original tortfeasor liable for all the child's injuries, including those received during treatment. It also held the blood bank to be solidarily liable to the child. On remand, the Fourth Circuit, 487 So.2d 148 (La.App.1986), awarded damages to the child from the blood bank.
We believe the holding of the Weber case makes clear that a cause of action exists, not only against one tortfeasor for the initial accident, but also against a subsequent tortfeasor for aggravation of the original injury, regardless of whether or not the subsequent tort caused the original accident. *952 The trial judge was incorrect in his assertion that "No Louisiana State Court has even expanded the definition of products liability to include those cases in which a plaintiff alleges only an `enhancement' of injuries in an automobile collision which the manufacturer is not alleged to have caused." The Weber case permitted exactly such a recovery in finding the blood bank strictly liable for the contaminated blood.
We hold that Tamara Boubel has stated a cause of action in her pleadings; and we reverse the judgment of the trial court dismissing her claims against General Motors Corporation and remand for further proceedings. General Motors Corporation must pay the costs of this appeal.
REVERSED AND REMANDED.
KLIEBERT, Judge, concurring.
I concur in the ultimate effects of the majority opinion but not for the reasons stated in the opinion.
NOTES
[1] Because the suit was dismissed on an exception, these facts come from the pleadings and briefs.