# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1204

**VERA R. PAINE**

**VERSUS**

**AVOYELLES COUNCIL ON AGING, THE AVOYELLES PARISH POLICE JURY, KATHERINE DESSELLE AND WAUSAU GENERAL INSURANCE COMPANY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2001-2803-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ARTHUR J. PLANCHARD

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Judge and Arthur J. Planchard\*, Judges.

**AFFIRMED**.

**James A. Bolen Jr.**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**Counsel for: Defendants-Appellants**
> **Katherine Desselle, Avoyelles Council on Aging and Wausau General Ins. Co.**

**Michael Wayne Adley**
**P. O. Dr. 51769**
**Lafayette, LA 70505-1769**
**Counsel for Defendant-Appellee**
> **Assisted Living Concepts, Inc.**

**John Taylor Bennett**
**P. O. Box 275**
**Marksville, LA 71351**
**Counsel for Plaintiff-Appellee**
> **Vera R. Paine**

**\*Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore**

PLANCHARD, Judge[1].

The Defendants, the Avoyelles Council on Aging (ACOA), Katherine Desselle and Wausau General Insurance Company (Wausau), appeal both the original judgment and the judgment rendered pursuant to a new trial.

The Plaintiff, Vera Paine, then 87 years old, was living at Bailey House in Bunkie, Louisiana. On September 7, 2001, Ms. Paine was being transported to a doctor's appointment in a van driven by Katherine Desselle, an employee of the Avoyelles Council on Aging, and owned by the Avoyelles Parish Police Jury (Police Jury). The van was involved in an accident with a motor vehicle driven by Audrey Richard. Ms. Paine was injured.

She brought this suit against Desselle, ACOA, the Police Jury and its insurer, Wausau. After a bench trial, the trial court rendered judgment in favor of Paine and against the Defendants, in solido, and awarded general damages of $260,000.00 and special damages of $33,368.38. Judgment was rendered December 30, 2002. At some point after the rendition of judgment, the original trial judge was replaced by another judge. Ms. Paine moved for a new trial on January 2, 2003, asserting that the general damage award was "grossly insufficient" and that there was no award for future medical expenses including the cost of assisted living care and nursing home care which, she alleges, is inevitable based on the injuries sustained in the accident. The Defendants moved to dismiss or strike the Plaintiff's motion. Ms. Paine, on January 15, 2003, amended her motion for new trial, asking that the record be transcribed "together with all medical records and medical depositions and records from Bailey House." About a month later, on February 27, 2003, the Plaintiff filed another

---

[1] Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

amended motion for new trial stating that she believed that the trial court had failed to consider certain records from Bailey House, attaching copies of the records and asking that the copies of the records be filed as well. After a hearing on March 3, 2003, the court rendered a judgment on the motions:

(1)    denying defendant's Motion to Continue the March 3, 2003 hearing on all pending motions;

(2)    denying defendants' Motion to Dismiss/Strike the plaintiff's original Motion for New Trial;

(3)    denying defendants' Motion to Dismiss/Strike the plaintiff's Amended Motion for New Trial, allowing it to be heard on March 3, 2003;

(4)    granting plaintiff's request to allow evidence at the March 3, 2003 hearing;

(5)    granting defendants' Motion to Strike the attachments to plaintiff's Amended Motion for Trial; and

(6)    granting plaintiff's Motion for New Trial to grant re-argument only, as plaintiff was denied access post-trial to the Bailey House records identified at trial as "P-10" and all other records, the re-argument is set for March 17, 2003 at 9:00 a.m.

The Defendants filed an application for writs to this court, which was denied. After the hearing on the new trial for re-argument only, the trial court rendered judgment in favor of the Plaintiff and against the Defendants, awarding the Plaintiff the additional amount of $181,400.00 for future medical expenses and an additional $35.000.00 in general damages.  The Defendants appeal.

THIRD PARTY FAULT

The Defendants assert that the trial court erred in failing to assign fault to Audrey Richard for failing to stop in time and to Bailey House for its failure to assure that Ms. Paine was securely belted into her wheelchair.

Causation and apportionment of fault are questions of fact, and the fact finder's determinations should not be overturned absent a

2

> showing of manifest error. *Williams v. Allstate*, 599 So.2d 478 (La.App.
> 3 Cir.1992). We are further mandated to view the evidence in the light
> most favorably supporting the trial court judgment. *Rosell v. ESCO*, 549
> So.2d 840 (La.1989). If the trial court's determination is reasonable in
> light of the record reviewed in its entirety, the court of appeal may not
> reverse even though convinced that had it been sitting as the trier of fact,
> it would have weighed the evidence differently. *Id*.

*Conrad v. City of New Iberia*, 03-121, pp. 3-4 (La.App. 3 Cir. 6/13/03), 847 So.2d
784, 787.

Accordingly, we will examine the record to determine whether the trial court was reasonable in finding that the Council on Aging was 100% at fault for the accident.

Gene Moody, a consulting engineer, was qualified by the court to testify as an expert in the field of accident reconstruction. He testified that both Desselle and Richard had 299 feet of vision, Desselle from the stop sign at Cricket and Monroe Streets and Richard from her position on Monroe Street. He acknowledged that Richard had the right of way. However, he felt that Richard could have avoided the accident had she been alert. The driver of the van, Council on Aging employee Katherine Desselle, testified that on her return trip to Bailey House, she stopped at the stop sign at the corner of Cricket and Monroe Streets and proceeded into the intersection, where the collision occurred. She admitted that she did not see Richard's vehicle. Richard testified that the van pulled out in front of her as she approached the intersection and that she was unable to stop in time to avoid the accident.

Given these facts, we find that the trial court was reasonable in determining that Richard's conduct did not contribute to the occurrence of the accident. Therefore, we find no error in the trial court's refusal to assign fault to Richard.

The Defendants further assert that the trial court erred in failing to assign fault to Bailey House for its failure to belt Ms. Paine into her wheelchair. Our research

convinces us, however, that for Bailey House to be assessed with fault in this matter its negligence must have been a cause in fact of the accident. *Hammer v. City of Lafayette*, 502 So.2d 301(La.App. 3 Cir. 1987) concerned an accident involving a driver who had her five year old son as a passenger and a city policeman who ran a stop sign. The plaintiffs settled with the defendants, and with the City reserving its rights in a third party demand against the mother/driver for her negligence in failing to restrain her child in a seat belt or child restraint system. This court explained that:

> In order for the City to recover from third party defendants, any negligence on the part of Mary Hammer in failing to restrain her five year old child must have been a cause in fact of the accident. If the accident would have occurred irrespective of a claimant's negligence, then it was not a cause in fact of the injury.

*Id.* at 303 (citations omitted).

The court further found that "[a]lthough Mary Hammer might have been negligent per se in not restraining the minor child, her negligence did not cause or contribute to the emergency situation." *Id.*

Here, as in Hammer, while the employees of Bailey House may have been negligent in failing to restrain Ms. Paine, their negligence did not cause the accident. Therefore, the trial court correctly refused to assess them with fault.

NEW TRIAL

The Defendants also argue that the trial court erred in granting a new trial for argument only.

La.Code Civ.P. art. 1971 provides that:

> A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is

4

granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.

La.Code Civ.P. art. 1973 provides the discretionary grounds for granting a motion for new trial: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." As noted by the Defendants, La.Code Civ.P. art. 1975 provides that a motion for new trial must set out the grounds on which it is based. The Defendants argue that the trial court should have denied Plaintiff's motion because it fails to adequately set forth the grounds on which it is based.

This issue has already been addressed by this court in a writ application from the grant of the motion for new trial. This court at that time found no abuse of discretion in the grant of the motion. The Defendants are essentially reasserting many of the arguments made on their writ application.

The trial judge granted the motion for new trial for re-argument because of Plaintiff's counsel, while preparing his post-trial brief, was unable to obtain access to the records of Bailey House which were introduced at trial and which, it was alleged, were locked up and inaccessible thereafter.

The Defendants assert the record clearly supports the trial court's failure to award the expenses evidenced by the Bailey House records because the Plaintiff was already living in an assisted living facility at the time of the accident. The Defendants again on appeal cite portions of the record which allegedly support their contention that Plaintiff's health was deteriorating prior to the accident at issue, therefore, she would have been confined to an assisted living care facility regardless of this accident. However, the Plaintiff asserts that she was only supposed to stay at the Bailey House for a short period of time because of dehydration, and that she was in good health for an 87 year old prior to this accident. Therefore, at the time the motion for new trial

5

was granted, there was an issue as to whether the Plaintiff's confinement at the Bailey House would have continued except for this accident. We find no error in this court's finding on the writ application that the trial court did not abuse its discretion in granting the motion for new trial for re-argument because of the lack of access to the evidence introduced at trial.

ADDITIONAL DAMAGES ON NEW TRIAL

Finally, we address the Defendants' argument that the trial court erred in giving additional damages on new trial.

The trial judge, who was not the judge who originally tried the case, found that:

> In his memorandum in support for additional damages, [counsel] for Vera Paine argues that the trial judge was unable to and did not consider the Bailey House records when rendering his decision. This court agrees. After reviewing the parties arguments at the hearing regarding the loss of Exhibit P-10, it is obvious that the trial judge was unable to consider the evidence, unable to render a proper ruling with that evidence, and that evidence should properly be admitted and considered and reviewed now at this time.

Our review of the applicable law convinces up that it is unimportant, for purposes of review, whether the trial court considered these records in rendering the original judgment. La.Code Civ.P. art. 1978 states, in pertinent part, that:

> It shall not be necessary in a non-jury trial to resummon the witnesses or to hear them anew at a new trial if their testimony has once been reduced to writing, but all such testimony and evidence received on the former trial shall be considered as already in evidence. . . . When a new trial is granted for reargument only, no evidence shall be adduced.

After a new trial is granted, this court need only consider the judgment on the new trial. *See Wilson v. Compass Dockside, Inc.*, 93-1860 (La.App. 4 Cir. 3/15/94), 635 So.2d 1171, *writ denied*, 94-1527 (La. 9/23/94), 642 So.2d 1299.

The trial court gave his summary of the expenses shown by the Bailey House records, as follows:

The plaintiff has properly estimated the expenses of care as shown in pages 2 -8 of Exhibit P-10, at approximately $2,400.00 per month. This court is of the opinion that an award of $2,400.00 a month for four years would be appropriate for a total increase in the award representing future medical care at $115,200.00. Additionally, past medical expenses are awarded in the amount of $31,200.00, representing 13+ months care at Bailey House from September 2002 to the NOVEMBER, 2003 trial date, as this care, more probably than not, was a result of the September 2002 accident at issue.

The Defendants in this case do not dispute the amount which has been and may in the future be paid for care at Bailey House. Rather they dispute the causal connection between the accident and the need for care. Defendants argue that given her age and health, Ms. Paine would have needed similar care even had the accident not occurred. The trial judge's factual finding was that the deterioration in Ms. Paine's condition and her need for continued assisted living or nursing home care was caused by the accident.

> In a trial where causation and credibility are major issues, a jury's findings of fact are entitled to great deference. *Ambrose v. New Orleans Police Ambulance Service*, 93-3099, 93-3110, 93-3112 (La.7/5/94); 639 So.2d 216; *reh'g denied*, 9/15/94. Those findings may not be overturned unless they are manifestly erroneous. *Stobart v. State*, 92-1328 (La.4/12/93); 617 So.2d 880. Moreover, when more than one competing view is permissible, as in this case, a fact finder's choice cannot be manifestly erroneous or clearly wrong. *Rosell v. Esco*, 549 So.2d 840 (La.1989), *writ denied*, 561 So.2d 105 (La.1990).

*Guillory v. Ins. Co. of North America*, 96-1084, p. 5 (La. 4/8/97), 692 So.2d 1029, 1032.

Finding no manifest error, we will not overturn the trial court in this regard.

The Defendants further dispute whether the Bailey House expenses should be included in an award of medical expenses. La.Civ.Code art. 1995 states that "Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived." Regardless of whether the cost of care at Bailey House can be considered a "medical" expense, the record supports the conclusion that Ms. Paine

7

would not have needed the services of an assisted living facility or a nursing home but for the accident. Accordingly, we find no error in the inclusion of these expenses in the award of damages.

QUANTUM OF DAMAGES

The Louisiana Supreme Court has set out the rules for review of general damage awards as follows:

> The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from *Gaspard v. LeMaire*, 245 La. 239, 158 So.2d 149 (1963) through *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976), and through *Reck* [*v. Stevens*, 373 So.2d 498 (La.1979) ] to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

> *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993); *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, we are called upon to decide if the award in this case "is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of th[is] particular injury to th[is] particular plaintiff under the[se] particular circumstances." *Id.*

*McPherson v. Lake Area Med. Ctr.*, 99-1876 (La.App. 3 Cir. 5/24/00), 767 So.2d 102, 109, *writ denied*, 00-1928 (La. 9/29/00), 770 So.2d 353 (alteration in original).

The Defendants argue that the award of damages was excessive. In its written reasons for judgment, the trial court detailed its reasons for the award of damages in the original reasons for judgment, which were incorporated by reference into the reasons for judgment on the new trial:

The testimony of Melvie McCullen reflects that prior to the accident Paine was in relatively good health for an 87-year-old woman. She was able to walk with the help of a walker. According to Dr. Gamburg's evaluation of Dr. Taylor's records on Ms. Paine, in August, 2001, she was able to ambulate 250 feet with "stand-by assistance" and required assistance with upper extremity dressing, while requiring minimal assistance for lower extremity dressing. In August of 200l, Paine experienced some medical problems that required her to be hospitalized. After returning from the hospital it was decided that it would be best for Paine to spend some time in Bailey House to assist in her recovery.

Ms. Woodall, an employee of Bailey House, testified that prior to the accident Paine was fairly functional. Paine was able to speak coherently and she could get around with the help of her walker. However, Woodall stated that since the accident Paine has sharply deteriorated both mentally and physically. Paine is no longer able to get around unless she is transported by a wheel chair and she can no longer maintain a rational conversation due to the onset *of* dementia.

Dr. Michael Menache is an internist who treated Paine both before and after the accident. Prior to trial, a motion in limine was filed seeking to exclude the testimony of Dr. Menache, regarding the mental capacity of Vera Paine. However, Dr. Menache' s testimony concerning Paine's mental state was based upon his personal observations of Paine both before and after her accident. Further, Dr. Menache testified that he had prescribed Paxil for depression for Paine. Obviously, Menache was providing medical treatment to Paine for her mental condition. On page 54, line 19-20 he stated that he believed that there was a change in Paine both mentally as well as physically after the accident. Certainly, his opinion concerning his observations and treatments provided to Paine are admissible. His testimony in this regard is clearly probative. . . .

Further, as stated above, Dr. Menache's deposition testimony reflects on pages 38-39 that Paine has deteriorated both mentally and physically since the accident. When asked if he believed that the accident accelerated the decline of her mental faculties, Menache answered "yes". Concerning Paine's physical decline, Menache testified that before the accident that Paine could walk with the assistance *of* a walker. Now, she is wheelchair-bound. Menache testified that Paine had pre-existing medical problems that could have caused her current mental and physical decline. However, Menache stated that the trauma of the accident is the most plausible reason for her sharp deterioration both mentally and physically.

At page 42 of his deposition, defense counsel asked Dr. Menache if there is anything that he can directly point to that would suggest that the car accident caused Paine's decline rather than pre-existing medical problems. Dr. Menache stated that prior to the accident Paine could

manage her checkbook and now she is unable to do any calculations. When defense counsel asked if the pre-existing conditions could have caused these failures, Dr. Menache responded that it could, but not as quickly as has occurred in this case. This response indicates to the court that the trauma of the accident is the primary cause for the decline in plaintiffs condition. On page 43 of Dr. Menache's deposition, Dr. Menache conceded that there was no medical or scientific test to determine if the deterioration was due to the car accident or the pre-existing medical conditions. However, Dr. Menache stated that in his personal experience, the trauma of the accident caused the sharp deterioration.

Addressing the same issue is the report of Dr. Gamburg, who performed an independent medical evaluation of Paine for the defendant stated,

> "Based on the history that I obtained and my examination of the patient and her x-rays, it is my opinion that the accident in which she incurred a fracture of her right hip along with right rib fractures and a probable fracture of the left acetabulum did accelerate her decline over and above what would be expected with the normal aging process. She has not been able to return to her pre-injury status, and it is my opinion that she is unlikely to do so. It is my belief that she has reached maximum medical recovery."

Dr. Gamburg also testified that after reviewing the medical records of Dr. Drury and Dr. Menache, he was of the opinion that based on her history, the hip fractures and rib fractures resulted from the accident.

After the accident Paine had surgery on her right hip. Dr. Drury removed the ball and the top portion of the femur bone. A ball and metal rod were used to replace the removed ball and portion of the femur bone and had to be cemented to the remaining portion of the femur bone. After completing this surgery Paine experienced discomfort with the left hip as well. An x-ray taken revealed that her left hip, her ribs, her left shoulder, her clavicle, her left pubic bone, her sacrum, and her Sl joint were all fractured. Dr. Drury testified in his deposition beginning on page 27 that considering Paine's current age of 88 and taking into consideration the fact of her hip replacement surgery, she would have a significant decline in her overall function as compared to her pre-operation status. Dr. Drury further stated that most people in Paine's age group would never return to their original status after hip replacement.

Defense counsel has suggested that the injuries to Paine's right hip and her ribs were not caused by the accident. However, Louisiana law dictates that if before September 7, 2001, Vera Paine was in good physical condition and good mental health, but shortly after the accident a disabling condition manifested itself, then, there is a legal presumption

10

that the medical condition producing the disability resulted from the accident. The burden of proof therefore shifts to the defendant who contests the cause-in-fact relationship to show some other particular incident could have caused the injury in question. **Heath v. Northgate Mall, Inc**., 398 So. 2d 132 (La. App. 3rd Cir. 1981). Therefore, the burden has shifted to the defendant to prove by a preponderance of the evidence that the injuries to Paine were caused by events other than the accident on September 7, 2001. The defendant has offered evidence of previous occasions where Paine has fallen while at Bailey House. However, Dr. Gamburg testified on this issue and stated that there was no conclusive manner in which to determine if the injuries were caused by the car accident or the falls. Moreover, Dr. Drury testified on page 18 of his deposition that Paine's left hip problems appeared for the first time immediately after surgery on her right hip. Therefore, the court is of the opinion that the defendant has failed in its burden to rebut the cause-in-fact relationship between the car accident and plaintiffs injuries.

. . . .

In the pending case Paine was 87 years old at the time of the accident. She will never completely recover from her injuries. She is now over fifteen months post-accident. Her injuries are considered by the trial court to be permanent in nature.

On new trial, the court added an additional $35,000.00 to the original general damage award, stating that given the reasons cited by the trial judge, "coupled with this judge's opinion that an award for future medicals is appropriate, and after a review of the jurisprudence submitted by all parties, the court believes that an increase of general damages in the amount of $35,000.00 is appropriate."

After reviewing the record, we find that the trial court's reasons accurately reflect the evidence adduced at trial. We find no error in the trial court's findings. In light of the record, and of the trial court's written reasons, we cannot say that the court abused its discretion in its award of general damages.

CONCLUSION

For these reasons, the judgment of the trial court is affirmed in all respects.

Costs of this appeal are to be paid by the Defendants.

AFFIRMED.