563 So.2d 1257 (1990)
Bertha G. COATES, Personally and as Mother, Administratrix and Natural Tutrix of the Estate of Her Minor Child Deidra Coates
v.
Donald R. NETTLES, ABC Insurance Company, Baton Rouge Recreation and Park Commission, and the City-Parish of East Baton Rouge.
No. CA 89 0994.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
*1258 Harry L. Shoemaker, III, Baton Rouge, for plaintiff-appellant Bertha G. Coates, etc.
Helen N. Crouse, Baton Rouge, for defendant-appellee BREC.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
This is a tort action brought by Bertha G. Coates individually and on behalf of her minor child, Deidra Coates, against Donald R. Nettles, Dairyland Insurance Company (Dairyland), Casualty Reciprocal Insurance Company, Baton Rouge Recreation and Park Commission (BREC), and the City-Parish of East Baton Rouge (City-Parish) for the injuries sustained by Deidra Coates in a vehicle pedestrian accident. Dairyland and the City-Parish were previously dismissed on summary judgment. Plaintiffs now appeal the granting of summary judgment in favor of BREC.

FACTS
On September 16, 1985, two year old Deidra Coates was in or near Scotlandville Park with her sister Kanya Coates. Diedra was either playing with a ball or was walking along the street when a ball rolled out into the street in front of an oncoming car. Diedra ran into the street after the ball and was struck by the car. She sustained a *1259 broken leg, numerous abrasions and other injuries to her foot and ankle.
Scotlandville Park is located on both sides of Finch Street, and there are no fences separating the park from the street. There is, however, no play equipment located near the street.
The plaintiff basically alleges two defects which she contends requires a trial on the merits. First, she contends that the park is defective, i.e. unreasonably dangerous, because it is designed such that part of the park is on both sides of the street; and secondly, she contends it is defective because the park has no fence which would stop children playing in the park from running out into the street.

TRIAL COURT
The trial court was apparently of the opinion that the first alleged defect, having a park with a street down the middle, was not a cause in fact of the accident. With regard to the second alleged defect, failing to put up a fence between the park and the street, the court found that BREC had no duty to construct such a fence.
The plaintiffs contend that the trial court erred in granting summary judgment.

I
Summary judgment should only be granted when there is no genuine issue of material fact, and mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
In order for BREC to be held responsible for the injuries to Deidra Coates, the alleged unreasonable risk of injury must be the cause in fact of her injuries. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (La. 1962). When the undisputed facts disclose that the alleged defect is not the cause in fact of the injury to the plaintiff, the trial court can decide this issue on summary judgment. Hammer v. City of Lafayette, 502 So.2d 301 (La.App. 3d Cir. 1987).
The fact that the park was on both sides of the street is of no consequence in this accident. If the street was on the edge of the park, a ball could have just as easily been chased into the street by Deidra Coates. As the trial court stated "[i]t's not a question of kids hitting playground equipment on one side of the street and running across the street to another piece of playground equipment." Thus, this alleged defect was not a cause in fact of the accident.

II
With respect to plaintiff's second alleged defect, it is undisputed that there was no fence separating the road from the park. Where there is no factual dispute which exists and no credibility determination required, the question of the existence of a duty is a legal question within the province of the trial judge. Hammer, 502 So.2d 301, 305.
The trial judge in the present case found that BREC had no duty to put a fence around the park. With this conclusion we agree. A fence along the street would severely restrict access to the park. There are no swings or other playground equipment near the street to attract an unsuspecting child. On the undisputed facts and circumstances of this case, we find no duty on the part of BREC to construct a fence.
Plaintiff argues citing Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.), writ denied, 422 So.2d 164 (La.1982) that because this case involves subjective facts such as the knowledge and intent of BREC, it is inappropriate for summary judgment. Knowledge and intent are immaterial to the granting of summary judgment in this case. It is well settled that in order to impose liability under both negligence and strict liability, there must be an unreasonable risk of injury that is the cause of the injuries. Kent v. Gulf States Utilities Co., 418 So.2d 493 *1260 (La.1982). In the present case since there was no unreasonable risk of injury which was a cause of the plaintiff's injuries, there is no need to make the additional determination of knowledge or intent.
Therefore the trial court's granting of summary judgment dismissing BREC from this suit is affirmed at plaintiff-appellant's costs.
AFFIRMED.