570 So.2d 501 (1990)
Cynthia A. UTLEY, et al.
v.
STATE of Louisiana, et al.
Charles E. CLARK
v.
Cynthia UTLEY, et al.
NEW HAMPSHIRE INSURANCE CO.
v.
HORACE MANN INSURANCE CO., et al.
HUEY STOCKSTILL, INC.
v.
HORACE MANN INSURANCE CO., et al.
HORACE MANN INSURANCE COMPANY
v.
Charles E. CLARK, et al.
Nos. 90-CA-371 to 90-CA-375.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Writs Denied January 18, 1991.
*502 Jacques Bezou, Robert Hearin, Jr., New Orleans, for plaintiffs-appellees.
Glen Marcel, Baton Rouge, for defendants-appellants.
Noel Vargas, II, New Orleans, for Horace Mann.
Margaret H. Kern, Covington, for Huey Stockstill.
David Bordelon, David V. Batt, Metairie, for Horace Mann for liability.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Following a bench trial of this automobile accident death case, judgment was rendered in favor of Cynthia Utley and her two minor sons, wife and children respectively of Roger Utley, decedent, and against the Louisiana Department of Transportation and Development, in the sum of $550,000, reduced by 60% due to the comparative fault of the decedent in bringing about the accident. Both plaintiffs and defendants now seek review, each basically urging that the apportionment of fault by the trial judge was manifestly erroneous. Although we disagree with certain factual determinations made by the trial judge against DOTD, we nonetheless find no manifest error in his apportionment of fault, nor any other reversible error, and we therefore affirm the judgment.
The facts of the accident are straightforward. Roger Utley was traveling west on Highway 90, a four lane highway divided by a six to eight foot wide median. The median consisted of six inch high cement curbings along the roadway with grass in between. At the time in question, the shoulder of the road was made of shells. For reasons which remain unknown, Utley's right wheels drifted off the paved surface of the right lane, about two feet onto the shell shoulder. He traveled about 88 feet in this position, and then attempted to get his right wheels back onto the pavement. Unfortunately, he apparently oversteered to the left, and when the right wheels regained traction on the pavement, his car crossed the two west-bound lanes, jumped the median, and struck a tractor-trailer truck traveling in the opposite direction. Utley was thrown from his car on impact, and died at the hospital an hour later. The police report, admitted by stipulation, indicated that Utley was traveling *503 about 62 mph in this 55 mph zone when he drifted onto the shoulder. Blood test at the hospital showed no alcohol, and only a trace of a common sedative drug, which was of no apparent significance in the accident. The evidence further shows that the accident occurred on October 17, 1984, just before dawn, as Utley was returning home from work. The paved road surface was dry and without any other defects which might have caused Utley to drift onto the shoulder.
Utley's wife and six-year old twin sons brought this action against DOTD alleging liability under negligence and strict liability theories as per La.Civ.Code Arts. 2315-2317. The basic allegations were first, that the shell shoulder was improperly maintained and thus presented an unreasonable risk of harm and, second, that DOTD's failure to erect a median barrier also rendered the highway unreasonably dangerous. The trial judge found the highway to be unreasonably dangerous for both reasons. Although we find no manifest error in his determination that the shoulder of the road was defective, we do find such error in his similar conclusion as to the lack of a median barrier.
As to the condition of the shoulder, there was conflicting testimony. The DOTD's expert, Olin Dart, testified that the shoulder appeared firm in the police photographs of the scene, but admitted that if indeed the shoulder was loose, this would be a defective condition. On the other hand, plaintiff's expert, Donald Van Kirk, stated that tire marks on the shoulder indicated to him that decedent's right tires were not tracking in a straight line, but were rather "yawing", or sliding at an angle, indicating to him that the shells were loose. Neither of these experts had examined the site contemporaneously and, in fact, by the time they were consulted, the shell shoulder had been paved over. Mrs. Utley, however, did inspect the site shortly after the accident, and she testified that the shells were loose and slid around when walked upon. Other expert testimony, generally uncontested, was to the effect that loose shells would create both diminished control of a vehicle with two wheels on the shells and two on the pavement, and a substantial difference in the coefficient of friction on the two sides of a vehicle on re-entering the pavement. The effect of this situation was that so long as the right wheels were sliding in the loose shells, it was necessary for decedent to steer further to the left to bring his car back onto the pavement than would have been necessary to accomplish the same lateral movement had all tires been on the pavement or on a more compact and stable shoulder. However, this degree of correction to the left needed to maneuver in the loose shells changed dramatically once the right tires gained traction on the pavement. The result was that the car went out of control, shot across the westbound lanes of the highway and resulted in this collision with the eastbound truck.
The trial judge determined from the evidence that the shell shoulder was in fact loose and that this condition presented an unreasonable risk of harm to motorists, such as decedent, who may inadvertently have drifted off of the paved portion of the highway. Considering the evidence and giving due deference to credibility determinations made by the trier of fact, we are unable to say that the trial judge fell into manifest error in concluding that the shoulder of the highway was defective and that this defect was a cause of decedent losing control of his car and ending in this tragic accident.
We also note that this case arose before enactment of La.R.S. 9:2800 (act 454, 1985), and that that statute's limitations on the DOTD's liability under La.Civil Code, art. 2317, is not applicable here, Landry v. State, 495 So.2d 1284 (La.1986). Because that shoulder was thus a dangerously defective thing in the custody and control of the State, liability lies under La.Civ. Code art. 2317. Of course, DOTD is entitled to reduce its percentage of fault by showing that the plaintiff's own negligence contributed to his damages, Landry v. State, supra. In the present case, the evidence showed that decedent was speeding and for no apparent reason drifted off *504 the paved portion of the highway and on to the shoulder and lost control of his vehicle. On this showing, the trial judge apportioned 60% of the fault to decedent and 40% to DOTD. Considering all of the facts of the case, we cannot say that this determination was manifestly erroneous or clearly wrong, and we therefore affirm that apportionment of fault, see Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985).
As to the absence of a median barrier, this court had occasion to address this issue in Seymour v. LaCava, 522 So.2d 683 (La.App. 5th Cir.1988). Plaintiffs in that case urged that a ten inch high median curb, instead of a median barrier, on a divided limited access highway was a defect in the road. The facts in that case were that the speeding tortfeasor ran into another vehicle traveling in the same direction, careened across the narrow unbarricaded median, and struck plaintiff's car, which was moving in the opposite direction. It was further shown that when the highway at issue had been constructed, it complied with all then applicable design standards, but that at the time of the accident the road did not comply with current design standards.
In rejecting plaintiff's argument that the highway was unreasonably dangerous, the court reasoned that the roadway met all applicable design standards when built, and that DOTD is under no legal obligation to bring all roads up to standards presently in effect. See Carter v. Deitz, 556 So.2d 842 (La.App. 4th Cir.1990). The court noted that there was no showing that lack of a barrier on the median presented an unreasonable risk of injury to reasonably prudent motorists, and further found that the cause of the accident in question was not the lack of a barrier, but rather careless operation by the tortfeasor of his automobile.
In the present case, the factors are at issue. It was generally agreed by both defendants' and plaintiffs' experts that the road at issue met all design specifications when built. It is this court's further conclusion that the cause of the accident was not the absence of the median barrier, but rather to decedent's inadvertence in inexplicably drifting off of the highway while exceeding the speed limit, coupled with the defective shoulder of the road. On this showing, we decline to find, as did the trial judge, that the lack of a median barrier was a defect in the roadway which rendered it unreasonably dangerous to prudent motorists.
We finally note that neither party has questioned the quantum of the award, and we therefore do not reach that issue.
For the foregoing reasons, the judgment of the district court is hereby affirmed.
AFFIRMED.