685 So.2d 507 (1996)
Patricia NICHOLSON, et al., PlaintiffsAppellants,
v.
CALCASIEU PARISH POLICE JURY, et al., DefendantsAppellees.
No. 96-314.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
*509 Craig S. Watson, Baton Rouge, for Patricia Nicholson, et al.
Frederick L. Cappel, Lake Charles, for Calcasieu Marine National Bank.
L. Richard Westerburg Jr., John Braymer, Baton Rouge, for Gulf States Utilities.
Christopher E. John, Lake Charles, for City of Lake Charles.
Michael Jesse McNulty III, Lake Charles, for Bell South, et al.
Maurice L. Tynes, Lake Charles, for Allstate Insurance Company.
Before KNOLL, WOODARD, and DECUIR, JJ.
KNOLL, Judge.
This personal injury damage suit is before us on two motions for summary judgment granted in favor of Gulf States Utilities Company (Gulf States) and Bell South Telecommunications, Inc. a/k/a South Central Bell and Southern Bell Telephone and Telegraph Company (Bell South). The plaintiffs appeal. We affirm.
On October 4, 1993, Mary Martin was driving on Enterprise Boulevard in the city of Lake Charles when she lost control of her vehicle, left the travel portion of the street, and her vehicle struck a pipe barrier which surrounded a utility pole and a telephone utility box located in the right of way adjacent to the Calcasieu Marine National Bank (Calcasieu Marine). The right of way is owned by the city of Lake Charles. Ms. Martin's mother, Cora Brown, was killed when she struck her head inside the vehicle. Cora Brown's heirs filed suit against the city of Lake Charles, Calcasieu Marine, Gulf States and Bell South.
It is undisputed that the utility pole is owned by Gulf States and the telephone utility box is owned by Bell South. The utility pole and the telephone utility box are located on the curb. It is likewise undisputed that in 1983 a general contractor who worked for Calcasieu Marine placed the pipe barrier which surrounded this communication equipment. Moreover, no one disputes that Gulf States and Bell South do not own or maintain the pipe barrier that Ms. Martin's vehicle struck. The heirs of Cora Brown did not present any affidavits, depositions, or other evidence that opposed the facts presented by Gulf States and Bell South. Based upon these facts, the trial court held that neither Gulf States nor Bell South could be liable for the damages caused when the Harris vehicle struck the pipe barrier. Notwithstanding, the trial court denied Calcasieu Marine's motion for summary judgment.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322 (La.App. 1 Cir. 5/20/94); 640 So.2d 616; Jarrell v. Carter, 632 So.2d 321 (La.App. 1 Cir.1993), writ denied, 94-0700 (La.4/29/94); 637 So.2d 467; Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2 Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, *510 show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Kidd, 640 So.2d at 619. To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Id.
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly. Penalber, 550 So.2d at 583. In determining whether material facts had, in fact, been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). This was true even if grave doubt existed as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985). Where the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391 (La. App. 1st Cir.1991).
However, by Acts 1996, First Extraordinary Session, No. 9, the legislature amended La.Code Civ.P. art. 966, stating in La.Code Civ.P. art. 966A(2) the following:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
As summary judgments are now expressly favored, the former jurisprudence which did not favor the granting of summary judgment is obsolete. Summary judgments can now be effectively used to weed out costly and meritless litigation when the requirements for granting it are met. We find this is a welcome change in the law and use of summary judgment.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, a Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
The record before us contains pleadings and affidavits. We are satisfied that there is no issue of material fact as to the location of the utility pole and the telephone utility box in the right of way on the curb near Calcasieu Marine. Likewise, the heirs of Cora Brown do not dispute that neither Gulf States nor Bell South owns the barricade that Mary Martin's vehicle struck. Therefore the sole issue before us is whether Gulf States and Bell South were entitled to judgment as a matter of law.
Liability in a negligence case requires proof of five elements: 1) duty; 2) breach; 3) cause-in-fact; 4) legal cause (scope of liability or scope of protection); and 5) damages. Wilson v. Dept. of Public Safety & Corrections, 576 So.2d 490 (La.1991); Fowler v. Roberts, 556 So.2d 1 (La.1989), reh. granted on other grounds and original opinion reinstated *511 as supplemented, 556 So.2d 13 (La. 1990), superseded by statute on other grounds as stated in Persilver v. Louisiana Department of Transportation, 592 So.2d 1344 (La.App. 1 Cir.1991).
Wilson and Fowler hold that the duty element is a judge question and the remaining elements are usually jury questions unless reasonable minds could not differ. Wilson, 576 So.2d at 493; Fowler, 556 So.2d at 4-5. Justice Dennis reiterates that holding in his dissent in Roberts v. Benoit, 605 So.2d 1032 (La.1991), on reh. 605 So.2d 1050, 1064 (La. 1992) (Dennis, J., dissenting), where he states that legal cause is an issue of mixed fact and law or policy and "(l)ike the causein-fact problem it is a question for the trier of fact unless the issue is so clear that reasonable persons could not differ." But see Ureta v. Louisiana Department of Transportation & Development, 594 So.2d 1111 (La. App. 4 Cir.1992); Dillon v. Louisiana Power & Light, 557 So.2d 293 (La.App. 4 Cir.1990); Nicks v. Teche Electric Co-op., Inc., 93-1418 (La.App. 3 Cir. 6/1/94); 640 So.2d 723, writ denied, 94-1710 (La.10/7/94); 644 So.2d 640, which hold that duty and scope of protection are legal questions for the court. Ureta, Dillon and Nicks do not mention Wilson or Fowler.
The existence of the duty is clearly a question of law. Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289 (La.1993). The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim. Id., citing Green, The Causal Relation Issue and Negligence Law, 60 Mich.L.Rev. 543, 562-63 (1962).
In the present case, the parties cite no law nor has this Court found any which imposes a duty on the utility operators to remove barricades around their equipment. However, for purposes of argument, where utility companies are allowed to install poles and equipment on a right of way in close proximity to a road, it is reasonable to impose upon the utility company a duty to carefully monitor its equipment.
Cause-in-fact and legal cause are generally questions for the jury. Fowler, 556 So.2d at 4-5. The exception is when, under the uncontested facts, reasonable minds could not differ. Id. See Coates v. Nettles, 563 So.2d 1257 (La.App. 1 Cir.1990), which affirmed summary judgment for the defendant and held that under the undisputed facts the alleged defect was not the cause-infact of the plaintiff's injury.
Cause-in-fact is generally a "but for" inquiry: if the plaintiff probably would not have been injured but for defendant's substandard conduct, such conduct is a cause-infact. Because substandard conduct does not render the actor liable for all consequences spiraling outward until the end of time, the concept of proximate cause or legal cause (scope of the duty in the duty-risk analysis) is necessary to eliminate liability at some point. Roberts, 605 So.2d at 1052.
The scope of protection (legal cause) inquiry is a question of policy whether the particular risk falls within the scope of the duty. See Faucheaux, 615 So.2d at 292. The duty-risk analysis is "highly fact-intensive" and the legal cause inquiry "fact bound." Roberts, 605 So.2d at 1055. Faucheaux, supra, summarizes the test for legal cause:
The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner.... In determining the limitation to be placed on liability for defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced.
Faucheaux, 615 So.2d at 294 (citations omitted). See also Roberts, 605 So.2d at 1054, which states "the `ease of association' test... melds policy and foreseeability...."
Gulf States and Bell South argue that their equipment was neither the causein-fact of the accident nor the legal cause of the injury.
Considering the undisputed facts, we find that the location of the utility pole and the telephone utility box was neither a cause-infact of the accident nor a cause-in-fact of *512 Brown's death. Since Martin's vehicle left the street for reasons unrelated to the placement of the utility pole and the utility box and Brown's death occurred because of the pipe barricade, we find that reasonable minds could not conclude that the utility pole and the telephone utility box were legal causes of the Cora Brown's death. There simply is no ease of association between the utility equipment and the resulting death of Cora Brown. Accordingly, we find that as a matter of law a trier of fact could not find Bell South and Gulf States liable for Brown's death.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.