STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1197


VERONICA GILES

VERSUS

OAKDALE HEALTHCARE SYSTEMS, LLC, ET AL.


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2008-059
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Marc T. Amy, J. David Painter, James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**Amy, J., dissents and assigns reasons.**
**Gremillion, J., dissents and assigns written reasons.**


**REVERSED AND REMANDED.**


Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
Post Office Box 1311
Alexandria, Louisiana  71309-1311
(318) 487-4589
Counsel for Plaintiff/Appellant:
        Veronica Giles

**Eugene J. Sues**
**Sarah Spruill Couvillon**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6118**
**(318) 445-6471**
**Counsel for Defendants/Appellees:**
      **Rapides Healthcare System, LLC d/b/a Oakdale Community Hospital**
      **Joanna M. Carpenter**

**KEATY, Judge.**

Plaintiff, Veronica Giles, was terminated from employment at Wal-Mart for testing positive on a drug screen she took in connection with her promotion to assistant manager. Ultimately, Giles was reinstated as assistant manager at Wal-Mart, though she was unemployed for about six months. She filed suit against Joanna Carpenter, the phlebotomist who took the sample, and Oakdale Community Hospital, alleging that Carpenter's failure to follow Oakdale's internal policies for collecting drug test samples, in addition to her failure to follow Wal-Mart's drug screen policy and Louisiana law, led to a false positive test result that resulted in her termination from Wal-Mart. Giles sought damages for loss of income, emotional distress and mental pain and suffering, mental anguish, anxiety, humiliation and embarrassment, loss of reputation, and penalty and taxes paid and loss of interest earned for early withdrawal of her 401K.

Oakdale and Carpenter filed a joint motion for summary judgment, urging that although Carpenter was admittedly negligent in obtaining the sample, Giles would be unable to prove that Carpenter's negligence had anything to do with the positive drug test that resulted in the termination of Giles' employment. After a hearing on the matter, the trial court granted defendants' motion for summary judgment. Giles is now before us on appeal, asserting that the trial court erred in granting the motion for summary judgment, erred in finding that the handling of her specimen did not turn on the credibility of Carpenter, and erred in finding that the credibility of Carpenter was not a genuine issue of material fact in this case. After carefully reviewing the record, we reverse the trial court's grant of summary judgment and remand the matter to the trial court for further proceedings.

Appellate courts review summary judgments de novo. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. In

that review, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The trial court granted defendants' motion for summary judgment, finding that

> [t]he only evidence as to when and how the first sample was sealed came from Ms. Carpenter. Ms. Giles did not dispute it. She said she left immediately after giving the sample. Ms. Carpenter said Ms. Giles was present when she sealed and marked the sample. So, really the only evidence as to what Ms. Carpenter did with the sample is from her. And it is undisputed. She marked and sealed the sample in front of Ms. Giles. The Court finds that Ms. Carpenter and the hospital had a duty to take the sample in such a manner that the integrity of the sample was maintained. The signing of the form does not necessarily affect the integrity of the sample. The marking and the sealing of the form - - of the sample are the insurers of that. So, even though there was a breach in policy by having Ms. Giles sign the form before instead of after taking the sample, the Court does not find that this breach was a cause in fact or legal cause of the damages alleged by Ms. Giles. Since this is an essential element of the cause of action the Court grants the Motion for Summary Judgment.

"The trial court's determinations with regard to the credibility of witnesses . . . are factual issues." *Roy v. City of Lake Charles*, 11-989, 11-990, p. 3 (La.App. 3 Cir. 12/7/11), __ So.3d ___, ___. Further, "[c]ause-in-fact is a factual question to be determined by the factfinder." *Johnson v. Lull Enters., Inc.*, 92-18, p. 9 (La.App. 3 Cir. 10/11/95), 663 So.2d 403, 409, *writ denied*, 95-2754 (La. 2/9/96), 667 So.2d 529. In reaching its conclusion, the trial court made factual findings. It determined that Carpenter's version of the events was the true version, and it determined that Carpenter's breach of duty was not in any way the cause of Giles' termination.

The documents considered by the trial court raised questions of fact, which the trial court determined absent an evidentiary hearing. The trial court's grant of

summary judgment was inappropriate. Accordingly, that judgment is reversed and the matter is remanded for further proceedings. Costs are assessed against the defendants/appellees.

**REVERSED AND REMANDED.**

NUMBER 11-1197

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERONICA GILES

VERSUS

OAKDALE HEALTHCARE SYSTEMS, LLC, ET AL.

AMY, J., dissenting.

I would affirm the trial court's judgment, finding that the plaintiff failed to offer proof that she will be able to establish that any breach of the standard of care owed by the defendants caused any of the damages alleged. Thus, summary judgment was appropriate pursuant to La.Code Civ.P. art. 966(C)(2).

VERONICA GILES

VERSUS

OAKDALE HEALTHCARE SYSTEMS, LLC, ET AL.

**GREMILLION, Judge, dissents.**

In this matter, the drug-testing specimen collector, Carpenter, admittedly failed to follow Oakdale's policies for collecting samples. Plaintiff, Giles, an assistant manager for Wal-Mart, suffered adverse employment consequences because her sample tested positive for proscribed substances. Carpenter and Oakdale filed a motion for summary judgment in which they argued that the policy breach had nothing to do with Giles's employment setbacks, because the violation of policy did not cause Giles's sample to test positive for cocaine. In support of the motion, Carpenter testified by deposition that the specimen she placed in the bag that was sent for testing was Giles's. Carpenter's testimony was completely uncontradicted. Nonetheless, the majority reverses the trial court's grant of summary judgment.

I respectfully dissent. Summary judgment procedure is intended "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art 966(A)(2). While the burden of proof rests with the mover, if the mover will not bear the burden of proof regarding an issue at trial, all she has to do is point out that there is an absence of factual support for one or more essential elements of plaintiff's claim; after that, the plaintiff must come forth with *factual support*

sufficient to establish that she will be able to satisfy her *evidentiary* burden of proof at trial or summary judgment must be granted. La.Code Civ.P. art. 966(C)(2).

This is particularly the case when, as here, the material fact is undisputed. Giles came forward with *no* evidence to dispute Carpenter's assertion that the urine sample she deposited in the bag that was sent to the testing lab was Giles's. "[S]ummary judgment is appropriate when all the relevant facts are marshaled before the court, the marshaled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 29 (La. 7/5/94), 639 So.2d 730, 752.

It is true that courts are not allowed to make credibility determinations in considering summary judgment motions, but the trial court made no such determination in this case. A credibility determination for summary judgment purposes can only arise when there is conflicting testimony regarding a material fact. *See Hopkins v. Sovereign Fire & Cas. Ins. Co.*, 626 So.2d 880 (La.App. 3 Cir. 1993), *writ denied*, 94-0154 (La. 3/11/94), 634 So.2d 390 and 94-2958 (La. 3/11/94), 634 So.2d 402. ("Weighing such conflicting evidence has no place in a hearing on a motion for summary judgment even when it appears from the record that the nonmoving party may experience difficulty in achieving ultimate success, as credibility determinations are best left to the trier of fact." *Id.* at 886 (citations omitted)). There simply is no testimony or other evidence of any kind that even suggests that there was an error in the transmission of the urine sample to the testing lab. The trial court did not improperly determine that Carpenter's testimony was credible. Rather, it properly determined that Carpenter's testimony was unchallenged.

2

The majority relies on language in *Johnson v. Lull Enters., Inc.*, 92-18, p. 9 (La.App. 3 Cir. 10/11/95), 663 So.2d 403, 409, *writ denied*, 95-2754 (La. 2/9/96), 667 So.2d 529, to the effect that cause-in-fact is a question for the trier of fact. It bears mentioning that *Johnson* involved the review on appeal of a jury verdict and has nothing to do with summary judgment. The quoted language does not foreclose the possibility of obtaining summary judgment on this issue. This court has, in fact, affirmed summary judgment on the issue of cause-in-fact when the facts were uncontested. *See Nicholson v. Calcasieu Parish Police Jury*, 96-314 (La.App. 3 Cir. 12/11/96), 685 So.2d 507. That is exactly the situation we have here.

I would affirm the trial court.