GREMILLION, Judge,
dissents.
_JjIn this matter, the drug-testing specimen collector, Carpenter, admittedly failed to follow Oakdale’s policies for collecting samples. Plaintiff, Giles, an assistant manager for Wal-Mart, suffered adverse employment consequences because her sample tested positive for proscribed substances. Carpenter and Oakdale filed a motion for summary judgment in which they argued that the policy breach had nothing to do with Giles’s employment setbacks, because the violation of policy did not cause Giles’s sample to test positive for cocaine. In support of the motion, Carpenter testified by deposition that the specimen she placed in the bag that was sent for testing was Giles’s. Carpenter’s testimony was completely uncontradicted. Nonetheless, the majority reverses the trial court’s grant of summary judgment.
I respectfully dissent. Summary judgment procedure is intended “to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ.P. art. 966(A)(2). While the burden of proof rests with the mover, if the mover will not bear the burden of proof regarding an issue at trial, all she has to do is point out that there is an absence of factual support for one or more essential elements of plaintiffs claim; after that, the plaintiff must come forth with factual support | ^sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial or summary judgment must be granted. La. Code Civ.P. art. 966(C)(2).
This is particularly the case when, as here, the material fact is undisputed. Giles came forward with no evidence to dispute Carpenter’s assertion that the urine sample she deposited in the bag that was sent to the testing lab was Giles’s. “[SJummary judgment is appropriate when all the relevant facts are marshaled before the court, the marshaled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 29 (La.7/5/94), 639 So.2d 730, 752.
It is true that courts are not allowed to make credibility determinations in considering summary judgment motions, but the trial court made no such determination in this case. A credibility determination for summary judgment purposes can only arise when there is conflicting testimony *463 regarding a material fact. See Hopkins v. Sovereign Fire & Cas. Ins. Co., 626 So.2d 880 (La.App. 3 Cir.1993), writ denied, 94-0154 (La.3/11/94), 634 So.2d 390 and 94-2958 (La.3/11/94), 634 So.2d 402. (“Weighing such conflicting evidence has no place in a hearing on a motion for summary judgment even when it appears from the record that the nonmoving party may experience difficulty in achieving ultimate success, as credibility determinations are best left to the trier of fact.” Id. at 886 (citations omitted)). There simply is no testimony or other evidence of any kind that even suggests that there was an error in the transmission of the urine sample to the testing lab. The trial court did not improperly determine that Carpenter’s testimony was credible. Rather, it properly determined that Carpenter’s testimony was unchallenged.
|aThe majority relies on language in Johnson v. Lull Enters., Inc., 92-18, p. 9 (La.App. 3 Cir. 10/11/95), 663 So.2d 403, 409, unit denied, 95-2754 (La.2/9/96), 667 So.2d 529, to the effect that cause-in-fact is a question for the trier of fact. It bears mentioning that Johnson involved the review on appeal of a jury verdict and has nothing to do with summary judgment. The quoted language does not foreclose the possibility of obtaining summary judgment on this issue. This court has, in fact, affirmed summary judgment on the issue of cause-in-fact when the facts were uncontested. See Nicholson v. Calcasieu Parish Police Jury, 96-314 (La.App. 3 Cir. 12/11/96), 685 So.2d 507. That is exactly the situation we have here.
I would affirm the trial court.