602 So.2d 1013 (1992)
Lottie M. BURTON
v.
Camille J. LANDRY and State Farm Insurance Company.
No. CA 911378.
Court of Appeal of Louisiana, First Circuit.
February 21, 1992.
Tom Withers, III. and Vivian Broussard Guillory, Baton Rouge, for plaintiff-appellant Lottie M. Burton.
Richard A. Chopin, Metairie, for defendants-appellees Camille J. Landry and State Farm Ins. Co.
Before WATKINS, CARTER and FOIL, JJ.
PER CURIAM.
The issue in this personal injury action is whether or not the trial court erred in granting summary judgment in favor of defendants and dismissing plaintiff's action in negligence for injuries caused by a domestic animal.
Camille Landry employed Lottie Burton as a sitter to care for his mother in his home. On March 13, 1990, as Ms. Burton climbed brick stairs in Mr. Landry's residence, Mr. Landry's cat ran by her, causing her to fall and sustain injuries. Ms. Burton sued Mr. Landry and his liability insurance carrier, State Farm Insurance Company, in tort under theories of strict liability and negligence.
Pursuant to an exception of no cause of action, plaintiff's action in strict liability was dismissed with prejudice. That judgment was rendered on January 24, 1991, and is now final. Plaintiff appeals a judgment granting summary judgment in favor of defendants and dismissing her action in negligence with prejudice. On appeal, plaintiff contends the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether the behavior of the cat created an unreasonable risk and whether or not the defendant was negligent in the keeping of the cat. We find no merit to these arguments.
Summary judgment procedure is seldom appropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3rd Cir.1981), writ denied, 410 So.2d 763 (La.1982). However, in the present case, the behavior of the cat is undisputed. In dispute is whether or not defendant was negligent and whether or not such negligence resulted in plaintiff's injuries. Where no factual dispute exists and no credibility determinations are required, questions of existence and violation of a duty are legal questions for the trial court. Coates v. Nettles, 563 So.2d 1257 (La.App. 1st Cir.1990). Therefore, the question before this court is whether or not the trial court erred in finding that mover was entitled to judgment as a matter of law. La.C.C.P. art. 966. We find that the *1014 case of Bayer v. Seal, 553 So.2d 827 (La. 1989), is dispositive of this issue.
In the Boyer case, the elderly plaintiff tripped and fell at her daughter's house when her daughter's cat got underfoot. The facts of that case as stated by the Court at page 828 of the opinion are as follows:
On December 10, 1985, plaintiff, Lillian Boyer, and her husband went to the home of her daughter, Lanette Seal, for a visit. Plaintiff and her daughter were in the process of making crafts for the upcoming holiday season. Around lunchtime, plaintiff went into the kitchen to wash her hands. As she was beginning to move away from the sink, her daughter's cat, Magique, either rubbed up against or walked or ran between her legs causing her to lose her balance and fall.
The Court found that the behavior of a cat in rubbing the legs of a visitor in its home or accidentally getting in the way is not an unreasonable risk of harm for purposes of Civil Code article 2321. The court further found that the owner of the cat was not guilty of any negligence, based upon Civil Code articles 2315 and 2316, that caused plaintiff's injuries.
In the present case, we find no factual basis on which to conclude that negligence on behalf of Mr. Landry caused Ms. Burton's injuries.[1] A cat owner is not guilty of negligence when a cat accidentally gets in the way or underfoot. See Boyer, supra. Accordingly, we conclude that plaintiff's contentions based upon Civil Code articles 2315 and 2316 are, as a matter of law, without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.
NOTES
[1] Plaintiff contends that defendant violated City of Baton Rouge Ordinance No. 5562, § 2, 4-22-81, which is found at Title 14, Section 106, and governs the keeping of domestic animals. Plaintiff argues that the violation of this ordinance renders defendant liable for plaintiff's injuries. We decline to reach this issue as the contention that a violation occurred is not supported by the record.