FOIL, Judge.
At issue in this appeal is whether a homeowner is liable for injuries sustained by a guest who tripped and fell over her dog. Following a trial, the jury found that the homeowner was at fault in causing the plaintiffs injuries. We reverse.
FACTS
Plaintiff, 60-year-old Ruth Ann Grady, suffered injuries when she tripped and fell over a dog owned by her niece, Patricia Patterson, while a guest in the Patterson home. She filed this tort suit seeking damages against Mrs. Patterson and Mrs. Patterson’s homeowner’s insurer, Allstate Insurance Company. Following a trial by jury, the jury found Mrs. Patterson 70% at fault in causing Mrs. Grady’s injuries; it allocated 30% fault to Mrs. Grady, and awarded her $150,000.00 in damages. This appeal, taken by Allstate, followed. Allstate challenges the jury’s liability ruling and allocation of fault, while Mrs. Grady, who also appealed, challenges the jury’s allocation of fault and assessment of damages. Because of our ruling on the liability issue, we pretermit discussion of all other issues raised in this appeal.
On the liability issue, our review of the record reveals the following: On September 23, 1987, Mrs. Grady visited the home of her niece, Patricia Patterson, in Slidell, Louisiana. She and Mrs. Patterson went out to play bingo; they returned to the Patterson home, where Mrs. Grady was to spend the night, at approximately 10:30 that evening. Upon their return, they prepared for bed and Mrs. Grady decided to get a glass of water from the kitchen. While she was in the kitchen, she noticed that the porch light had been left on and decided to turn it off. The light switch controlling the porch light was located in the foyer. On her way to the foyer, Mrs. Grady encountered “Kippy,” the Patter-sons’ dog, a 10-year-old, 60-pound golden retriever, who was lying on the floor. According to Mrs. Grady, her foot hit the dog and she started to fall. While she was falling, Kippy “stood up,” causing her to tumble over him. As a result of the fall, Mrs. Grady fractured her wrist and shoulder and passed out for a time.
The evidence showed that for approximately 10 years, Mrs. Grady had been a frequent guest in the Patterson home, so much so that she characterized herself as a “member of the family.” Mrs. Grady visited her niece weekly, often spending the night and taking care of Mrs. Patterson’s children while Mrs. Patterson went out. She was very familiar with the home, as well as with Kippy and the familys’ policies regarding Kippy. She described Kippy as a nice, friendly, family pet. Mrs. Patterson testified that Kippy spent about half of his time outside and half inside of the home; her daughters would often allow the dog to come in to sleep at night. The family did not have any set policies regarding when Kippy would be allowed to come inside the home, and once inside, Kippy basically had the “run of the house.” Mrs. Grady attested that she was aware that Kippy was often let inside the house and knew that her niece’s daughters often let the dog in the house to sleep at night.
On the night in question, Mrs. Patterson’s 15-year-old daughter, Kelly, let Kip-py in for the night while her mother and Mrs. Grady were out playing bingo. Mrs. Patterson attested that when Kippy was inside, he would normally greet persons entering the front door; however, on this occasion, Kippy did not greet them upon their return home. Both Mrs. Patterson and Mrs. Grady were unaware that Kippy was inside the home that evening.
Mrs. Grady testified that there was sufficient lighting in the house to enable her to cross from the kitchen to the foyer to turn out the porch light. She stated that she was not looking down at the floor on her journey, but instead was looking for the light switch in the foyer to turn off the porch light when she encountered Kippy.
*756 Plaintiff argues that the homeowner is liable for her injuries under La.Civ.Code art. 2321 on the theory that it was the “unknown presence” of a 60-pound dog in a darkened hallway which created an unreasonable risk of harm to a guest in the home. It is this “unreasonable tripping risk” which she claims renders the homeowner liable for the injuries she sustained. Additionally, plaintiff argues that Mrs. Patterson is responsible for the actions of her minor daughter in letting Kippy into the home under La.Civ.Code art. 2318.
La.Civ.Code art. 2321 provides, in pertinent part, that “[t]he owner of an animal is answerable for the damage he has caused_” In Boyer v. Seal, 553 So.2d 827 (La.1989), the Louisiana Supreme Court held that in order to establish liability under this article, the plaintiff must prove: (1) the domestic animal causing damage was owned by the defendant; (2) the animal created an unreasonable risk of harm; and (3) the plaintiffs damage occurred through this risk. Under Boyer, it is not sufficient for a plaintiff to prove that an animal caused her harm and that the defendant owned the animal. Rather, the Court made it clear that the plaintiff must prove that the animal posed an unreasonable risk of harm which resulted in the plaintiff’s injuries. The Court suggested that the legislative fact consideration test, in which the court takes into account the social, moral, economic, and other considerations as would a legislator in regulating the matter, and the risk-utility balancing test, are valid approaches to be utilized in ascertaining whether the animal did present an unreasonable risk of harm to others.
In Boyer, the plaintiff was visiting in her daughter’s home when her daughter’s cat rubbed up against, ran or walked between the plaintiff’s legs, causing her to lose her balance and fall. The Court held that, as a policy matter, the behavior of the cat in rubbing the legs of a visitor in its home or accidentally getting in the way or underfoot did not present an unreasonable risk of harm. The Court reasoned that the cat's behavior was innocuous, especially when compared with other cat-related risks widely tolerated by our society. Further, the Court found that the likelihood of injury resulting from this type of behavior multiplied by the gravity of the harm threatened by it did not outweigh the social utility of keeping a cat as a pet in the home where it may be exposed to visiting relatives and guests. The Court also held that the daughter was not guilty of negligent behavior which caused her mother’s injuries.
Similarly, we find that the behavior of Kippy, in lying on the floor and rising upon being startled by the plaintiff, did not present an unreasonable risk of harm to the plaintiff under the reasoning employed in Boyer. Plaintiff seeks to premise liability under La.Civ.Code art. 2321 (and distinguish Boyer) on the basis of the “unknown presence” of a large animal lying on the floor of a home at night in a darkened area. However, Kippy’s behavior, in lying or sleeping on the floor inside of a home at night, is socially acceptable behavior for an animal and the risk of harm to visitors posed thereby is not unreasonable. We see no reason to distinguish this case from Boyer, and we conclude that it is disposi-tive of the issue of liability under La.Civ. Code art. 2321.
Plaintiff also claims that Mrs. Patterson is liable for the conduct of her minor daughter, Kelly, in allowing the 60-pound, aged dog into the home and failing to warn a guest in the home that the dog was inside for the evening. La.Civ.Code art. 2318. However, on the record before us, we conclude that neither Mrs. Patterson nor her daughter were guilty of any negligence which caused plaintiff’s injuries. See Boyer v. Seal, 553 So.2d at 835. The evidence established that Kippy was allowed to come into the home and freely roam around. Plaintiff was a frequent guest in the Patterson home and was well aware that Kip-py was let into the home on occasions to spend the night. The conduct of Kelly, in allowing Kippy to enter the home for the evening, without warning a family member who knew of the family’s policies regarding the dog’s presence, is not unreasonable conduct so as to constitute negligence.
*757 CONCLUSION
Based on the foregoing, we hold that Patricia Patterson is not liable based upon the actions of her dog, or her daughter, for the injuries sustained by plaintiff. Accordingly, the judgment entered in favor of plaintiff and against Patricia Patterson and Allstate Insurance Company is hereby reversed. All costs of this appeal are assessed to plaintiff, Ruth Ann Grady.
REVERSED.