_[iLANDRIEU, Judge.
WRIT GRANTED. Relator, State Farm Fire and Casualty Company (State Farm), seeks supervisory review of the trial court’s judgment denying its motion for summary judgment. The facts of this lawsuit are undisputed. Respondent Charles Bell, Jr., was injured in the course of making a U.P.S. delivery to the residence of Laurence A. Dent, Jr. at 1134 St. Roch Street in New Orleans. Although the front yard was unfenced and access to the front of the house was unrestricted, Mr. Bell opened the side-yard gate and walked towards the back of the house with the package. Mr. Dent’s dog emerged from under the house and, neither barking, growling, nor acting in a menacing manner, walked towards Bell. Bell proceeded to walk backwards and, upon reaching the gate that he had just entered, backed into the gate handle and was injured. Bell filed this lawsuit,[1] alleging that the sole cause of the accident was Dent’s failure to place warning signs on his gate and fence or otherwise warn him of the “obvious hazard” of a large dog on the premises.
Summary judgment is appropriate when no factual dispute exists and no credibility determination is required. Burton v. Landry, 602 So.2d 1013 (La.App. 1st Cir. 1992); see also La.Code Civ.Proc. art. 966(C) (summary judgment may be rendered on the issue of liability alone). La.Civ.Code art. 2321 provides, in pertinent part, that “[t]he owner of an animal is answerable for the damage he has caused....” In Boyer v. Seal, 553 So.2d 827 (La.1989), the Louisiana Supreme Court held that in order to establish liability on the part 12of a pet owner, the plaintiff must prove that: (1) the defendant owned the domestic animal causing damage; (2) the animal created an unreasonable risk of harm; and (3) the plaintiff’s damage occurred through this risk. Further, the Court indicated that the legislative fact consideration test, in which the court takes into account the social, moral, economic, and other *1263 considerations as would a legislator in regulating the matter, and the risk-utility balancing test, are valid approaches to be utilized in ascertaining whether the animal did present an unreasonable risk of harm to others. Id. at 835.
Applying these precepts to the present case, it is clear that the presence of a dog within a fenced side yard in an urban neighborhood does not create an unreasonable risk of harm. See also Grady v. Allstate Ins. Co., 602 So.2d 754, 756 (La.App. 1st Cir.1992), writ denied, 608 So.2d 176 (La.1993) (unknown presence of large dog lying on floor in a darkened area did not present an unreasonable risk of harm). Accordingly, relator’s application for supervisory -writs is granted, the judgment of the trial court is reversed, and summary judgment is granted in favor of State Farm Fire and Casualty Company and Laurence A. Dent, Jr.

. Liberty Mutual Insurance Company, worker’s compensation carrier for Bell’s employer, filed a petition of intervention into the proceeding, seeking recompense for compensation and medical bills paid to Bell.