857 So.2d 603 (2003)
Ernestine GRIFFIN[1]
v.
SHELTER INSURANCE CO. and Sally A. Kemp
No. 2002 CA 2628.
Court of Appeal of Louisiana, First Circuit.
September 26, 2003.
*604 Linda Lynch, Eulis Simien, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Earnestine Griffin.
Myron A. Walker, Jr., Baton Rouge, Counsel for Defendants/Appellees Shelter Insurance Co. and Sally A. Kemp.
Before: WHIPPLE, KUHN, and MCDONALD, JJ.
KUHN, J.
Plaintiff-appellant, Earnestine Griffin, appeals a judgment dismissing her liability claims against defendants, Shelter Insurance Co. (Shelter Insurance), and its insured, Sally Kemp.[2] For the reasons that follow, we affirm.
In August 2000, Kemp, a 78-year old woman suffering from lung cancer who was totally disabled from a stroke which had left her partially paralyzed, hired Griffin to care for her in the house. Averring *605 entitlement to damages for the bodily injuries she sustained as a result of Kemp's negligence, Griffin subsequently filed this lawsuit against Kemp and her insurer, Shelter Insurance.[3]
Shelter Insurance filed a motion for summary judgment, which the trial court sustained. From the subsequently-rendered judgment dismissing her liability claims against Shelter Insurance and Kemp by summary judgment, Griffin appeals.
Appellate courts review summary judgments de novo under the same criteria followed by the trial court. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966A(2); Lee v. Grimmer, 99-2196, p. 3 (La.App. 1st Cir.12/22/00), 775 So.2d 1223, 1225. But the motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B.
Shelter Insurance asserts that the undisputed facts fail to establish that Kemp owed a duty to Griffin. Thus, the insurer maintains that as a matter of law Kemp is not liable to Griffin for the injuries she sustained, and the judgment correctly dismissed Griffin's liability claims. We agree.
In a tort case, among the questions that must be answered in a proper analysis are: (1) were any duties owed by the respective parties? And (2) were the risk and the harm within the scope of protection afforded by any owed duty that was, in fact, breached? See Vinccinelli v. Musso, XXXX-XXXX, p. 3 (La.App. 1st Cir.2/27/02), 818 So.2d 163, 165, writ denied, XXXX-XXXX (La.6/7/02), 818 So.2d 767.
Generally, there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the standard of conduct of a reasonable person in like circumstances. But whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties. Bowman v. City of Baton Rouge/Parish of East Baton Rouge, XXXX-XXXX, pp. 5-6 (La.App. 1st Cir.5/9/03), 849 So.2d 622, 627. Duty is a question of law. Simply put, the inquiry is whether the plaintiff has any lawstatutory, jurisprudential, or arising from general principles of faultto support her claim. Id. Where no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. See Burton v. Landry, 602 So.2d 1013 (La.App. 1st Cir.1992).
The determination of whether a particular risk of harm is reasonable is also a matter wed to the facts of the case. In general, it is improper to characterize a risk as unreasonable without considering the surrounding circumstances. Vinccinelli, XXXX-XXXX at p. 5, 818 So.2d at 166. A court must determine whether the risk is unreasonable vis-à-vis the particular plaintiff involved. In doing so, it is appropriate to consider any contractual obligations owed by the plaintiff to the defendant with respect to the particular risk that resulted in harm. A court should also consider any specialized or superior knowledge the plaintiff may have. The status of the plaintiff is a factor to be considered in *606 the fact-specific determination of whether a risk is unreasonable. Id.
The following undisputed facts have been established from Griffin's deposition testimony and the affidavits submitted by Shelter Insurance in support of its motion for summary judgment. Kemp was a very small, petite woman who weighed less than 100 pounds. She was confined to a wheelchair, which she was unable to move about by herself. And Kemp could not walk without the assistance of another. Griffin was hired to do things that Kemp was unable to do, which included washing, cooking, cleaning the house, as well as dressing Kemp every morning, fixing her meals, taking her to doctors, counting her medicine, and helping her exercise.
In conjunction with doctors' visits, Griffin accompanied Kemp to physical therapy sessions, where the two were instructed how to move Kemp from her wheelchair into an easy chair. But on October 13, 2000, while Griffin assisted Kemp from her wheelchair into the easy chair, Kemp grabbed Griffin's armin derogation of the instructed procedure provided by Kemp's physical therapistcausing immediate pain in Griffin's back and leg. Griffin testified that Kemp frequently lost her balance during the approximate four-month period that she cared for the elderly lady and admitted that she knew Kemp might fall during the transfer from the wheelchair to the easy chair.
Thus, the deposition and affidavits establish that Griffin had the contractual duty to take care of Kemp, and this specifically included assisting the disabled, elderly lady from her wheelchair into an easy chair. The risk of Kemp grabbing Griffin's arm while she was transferring from the wheelchair to the easy chair was clearly one of the types of risks that Griffin was contractually obligated to guard against. Because of Griffin's special status and job responsibilities in this case, the risk of injury from Kemp grabbing her caretaker's arm as the elderly lady transferred from the wheelchair into an easy chair was not unreasonable vis-à-vis this particular plaintiff. Under the facts and circumstances, Kemp simply did not owe a duty to Griffin to guard against the particular risk that gave rise to the caretaker's injuries.
Thus, because Griffin has sustained damnum absque injuria, i.e., damages without injury in the legal sense, Kemp owed no duty to Griffin for this particular risk of harm. And we conclude the trial court properly granted summary judgment. Accordingly, the trial court's judgment dismissing Griffin's liability claims against Sally A. Kemp and Shelter Insurance Co. is affirmed. Appeal costs are assessed against Earnestine Griffin.
AFFIRMED.
WHIPPLE, J., concurs.
NOTES
[1] The correct spelling of plaintiff's first name is Earnestine.
[2] The judgment, dismissing only appellant's liability claims and expressly preserving for trial any medical payments claims plaintiff may have against Shelter, does not dispose of the entire case. See La. C.C.P. art. 966E. As such, it is a partial summary judgment, which does not constitute a final judgment unless it is so designated by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915B(1). In this case, based on the language set forth in the judgment and the nature of the claim, we find the trial court duly complied with the requirements of La. C.C.P. art. 1915B(1) and, therefore, this appeal is properly before us.
[3] Kemp died shortly after this lawsuit was instituted by Griffin.