EDWARD A. DUFRESNE, JR., Chief Judge.
|2This is an appeal by Linda Chirlow, plaintiff-appellant, from a summary judgment dismissing with prejudice her delic-tual action against Sharad Gilotra and his parents Pushta Gilotra, wife oi7and Sushil Gilotra, defendants-appellees. For the following reasons, we affirm that judgment.
A motion for summary judgment which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.C.C.P. Art. 966 C. If the movant will not bear the burden of proof at trial, he need not negate all elements of the adverse party’s claim, but rather it is sufficient to point out to the court that there is an absence of factual support for one or more essential elements of the adverse party’s claim. Id. Further, when a motion for summary judgment is made and properly supported, the adverse party may not rest on the mere allegations in her pleadings, but her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Id. Art. 967 B. Finally, the standard of review on appeal of summary judgments is de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
|aThe undisputed facts here are that on November 2, 2004, plaintiff was employed by United Cerebral Palsy of Greater New Orleans (UCP) as an in home caretaker for patients suffering from cerebral palsy. Sharad Gilatro, known familiarly as Dee-pak, was such a patient. At the time of the incident at issue he was 34 years old. Although Deepak could stand with help and swim a bit, he was functionally a paraplegic. During the course of caring for Deepak, plaintiff rolled him into the shower in his wheelchair and began washing him. For unknown reasons, Deepak became agitated and grabbed plaintiff by the arm. In the ensuing struggle, the chair tipped over and plaintiff allegedly injured her back, leg and foot. Because this was a work related accident, plaintiff received worker’s compensation from UCP and its insurer, Louisiana Employers Ins. Co.
Plaintiff sued Deepak (now deceased), and his parents, Pusha and Sushil Sharad Gilotra, and Louisiana Employers Ins. Co. intervened. The Gilotras moved for summary judgment which was granted. In that judgment the trial judge stated that he “finds that there was no unreasonable risk of harm to the plaintiff care giver, and that defendants owed no duty to protect plaintiff from the particular risk that resulted in her injury.” This appeal by plaintiff followed. Louisiana Employers Ins. Co. did not appeal.
*140 The ease of Griffin v. Shelter Ins. Co., 2002-2628 (La.App. 1 Cir. 9/26/03), 857 So.2d 603, writ denied, 2003-2992 (La.1/16/04), 864 So.2d 635, is factually similar to the present matter. There, an elderly partially paralyzed woman was being seen to by a caretaker. While the caretaker was assisting the woman in moving from her wheelchair into an easy chair, the woman grabbed the caretaker by the arm in such a manner as to cause immediate pain in the caretaker’s leg and back. Summary judgment was entered against the caretaker and the case was appealed.
|4In affirming this judgment the appellate court first noted that existence of a duty is a legal question, but one which is dependent on the facts and circumstances of the case and the relationship of the parties. It further pointed out that whether a particular risk of harm is reasonable is also dependent on the facts of the case, giving consideration to the particular plaintiff, any contractual obligations that exist, and the superior knowledge the plaintiff may have of the situation.
In the present case, the facts are that plaintiff was hired to care for Deepak after having received at least some training in dealing with such patients. She had cared for him off and on for perhaps a year and was familiar with his limitations. She knew that he was unable to bathe himself and that her duties included giving him showers while he was seated in his wheelchair, and she had done so many times without mishap. On this particular instance, Deepak grabbed her arm and in an ensuing tussle the chair tipped over and she fell.
Plaintiff was contractually obligated to bathe Deepak, and the risk of injury occurring due to his lack of muscular control was one that plaintiff not only assumed, but which she had had at least some training in avoiding. There was thus no duty owed by Deepak to plaintiff to guard against the particular risk that gave rise to the alleged injuries. In these circumstances, summary judgment was appropriate.
Plaintiff argues to the contrary that Deepak’s parents, with whom he lived, were negligent in not providing grab bars in the shower. We fail to see the relevance of this argument. Grab bars are installed for the safety of persons standing in the shower to guard against falling, not for the protection of caretakers of invalids. Plaintiff also asserts that Deepak’s parents were not giving him the full doses of prescribed medications for control of his movements because they found that the drugs rendered him too unresponsive, thereby increasing the spasticity of |fihis movements. In this regard, there is no evidence to support this allegation. Obviously, such an assertion would necessitate expert opinion to substantiate it, and plaintiff has produced no such opinion. Indeed, the only evidence of record bearing on this point was the affidavit of Deepak’s mother, a medical doctor, stating that the only medications she gave him were an antiviral for cold sores, Ambien to help him sleep, and a vitamin supplement, none of which had anything to do with his spasticity. On this showing we must reject this argument as well.
For the foregoing reasons, we affirm the summary judgment in favor of the defendants dismissing her suit with prejudice.

AFFIRMED.