**NOT FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**12-452**

**MARY ELIZABETH CHAISSON**

**VERSUS**

**DR. MACGRUDER DRAKE, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, DOCKET NO. 2011-3244**
**HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Jermaine D. Williams
J.D. Williams & Associates, APLC
108 West Congress Street
Lafayette, LA  70501
(337) 235-3989
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Mary Elizabeth Chaisson

Matthew A. Ehrlicher
Maricle & Associates
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
(985) 727-3411
**ATTORNEY FOR DEFENDANTS/APPELLEES**
    Succession of Winbourne Macgruder Drake and Standard Fire Insurance Co.

**COOKS, Judge.**

In this personal injury lawsuit, Plaintiff appeals the trial court's granting of summary judgment in favor of Defendants. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On February 1, 2011, Plaintiff, Mary Elizabeth Chaisson, was working as a private caregiver for Dr. Winbourne Macgruder Drake. Dr. Drake suffered from dementia, Parkinson's Disease, and physical limitations resulting from a stroke. Plaintiff worked for numerous years for the Drake family, initially caring primarily for Dr. Drake's wife until her death, and then providing care for Dr. Drake following his stroke. Plaintiff testified since 2008 she had been assisting Dr. Drake in getting in and out of his wheelchair.

On the date in question, Plaintiff was attempting to transfer Dr. Drake from a lift chair to his wheelchair. According to Plaintiff, Dr. Drake began to fall forward toward the floor. When she grabbed him to prevent the fall, she felt a pull in her neck and back.

Plaintiff filed a petition for damages, alleging she was employed by Dr. Drake in the capacity of a private caregiver and sustained an injury while performing duties in that capacity. Named as defendants were Dr. Drake and the Stanford Fire Insurance Company, which provided a residential homeowner's policy of insurance to Dr. Drake. After the suit was filed, Dr. Drake died, and the petition was amended to name the Succession of Dr. Winbourne Macgruder Drake as a defendant.

Defendants filed a Motion for Summary Judgment claiming Defendants did not owe a duty to the Plaintiff/caretaker to guard against the particular risk that gave rise to Plaintiff's injuries in this matter. Finding Dr. Drake owed no duty under the facts presented, the trial court granted Defendants' motion for summary judgment. From the subsequently rendered judgment dismissing her liability

2

claims against Standard Fire Insurance and the Succession by summary judgment, Plaintiff appeals.

## ANALYSIS

Appellate courts review summary judgment *de novo*, using the same criteria that governs the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant. *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459, 04-1260, 04-1466 (La. 4/12/05), 907 So.2d 37. Louisiana Code of Civil Procedure Article 966(A)(2) provides "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action" and the "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C). Defendants herein bear the initial burden of proof and must show that no genuine issue of material fact exists. *See* La.Code Civ.P. art. 966(C)(2). If the defendants successfully meet their burden, the burden then shifts to the plaintiff to present factual support adequate to establish that she will be able to satisfy her evidentiary burden at trial. *Id.* Should the plaintiff be unable to produce the necessary factual support establishing she will be able to satisfy her evidentiary burden of proof at trial, then there is no genuine issue of material fact. *Id.*

A fact has been held to be material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

3

The case of *Griffin v. Shelter Insurance Co.*, 02-2628 (La.App. 1 Cir. 9/26/03), 857 So.2d 603, *writ denied*, 03-2992 (La. 1/16/04), 864 So.2d 635, is factually similar to the instant case. In *Griffin*, an elderly, partially-paralyzed woman was being cared for by a caregiver. While the caregiver was assisting the woman in moving from her wheelchair into an easy chair, the woman grabbed the caregiver by the arm, which immediately caused pain in the caregiver's leg and back. Summary judgment was entered against the caregiver and the case was appealed.

In affirming the judgment, the appellate court explained that existence of a duty is a legal question, but one that is dependent on the facts and circumstances of the case and the relationship of the parties. It further pointed out that whether a particular risk of harm is reasonable is also dependent on the facts of the case, giving consideration to the particular plaintiff, any contractual obligations that exist, and the superior knowledge the plaintiff may have of the situation. The *Griffin* court stated as follows:

> [T]he deposition and affidavits establish that Griffin had the contractual duty to take care of Kemp, and this specifically included assisting the disabled, elderly lady from her wheelchair into an easy chair. The risk of Kemp grabbing Griffin's arm while she was transferring from the wheelchair to the easy chair was clearly one of the types of risks that Griffin was contractually obligated to guard against. Because of Griffin's special status and job responsibilities in this case, the risk of injury from Kemp grabbing her caretaker's arm as the elderly lady transferred from the wheelchair into an easy chair was not unreasonable vis-à-vis this particular plaintiff. Under the facts and circumstances, Kemp simply did not owe a duty to Griffin to guard against the particular risk that gave rise to the caretaker's injuries.

*Id.*, at 606.

Plaintiff argues *Griffin* is distinguishable from the present case because the caregiver in *Griffin* received instructions from a physical therapist on how to move the patient from an easy chair to a wheelchair. In the same vein, Plaintiff attempts to take the position she was not qualified to assist Dr. Drake from a standing

4

position to a sitting position in his wheelchair. However, the record established Plaintiff in this case had over a decade of experience working for several health care agencies. She also testified she had been performing the task of lifting Dr. Drake since April of 2008, when from that point forward he required "maximum assistance." We also note, Dr. Drake did not run a health care agency, and did not hire Plaintiff and contract her out to another as a home health sitter. In this case, he was an elderly, infirm man who hired Plaintiff to be his sitter. Plaintiff testified she took certified nursing assistant training for which she received a certificate of merit and had worked many years in the home health field.

Similar to the court's finding in *Griffin*, Plaintiff in this case had the contractual duty to take care of Dr. Drake, and this specifically included assisting him from his lift chair to his wheelchair. We cannot say the trial court erred in finding no duty was owed by Dr. Drake to protect Plaintiff against the very risk she was hired to protect against, i.e., Dr. Drake's falling due to his physical infirmities.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant.

**AFFIRMED.**

5